# Exhibit D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DIANNA YODER, CLINT WALDING,
and KELLEY WILLIAMS, individually
and on Behalf of Others Similarly Situated,

    Plaintiffs,

v.

FLORIDA FARM BUREAU, FLORIDA
FARM BUREAU GROUP, FLORIDA
FARM BUREAU CASUALTY
INSURANCE COMPANY, FLORIDA
FARM BUREAU GENERAL
INSURANCE COMPANY, SOUTHERN
FARM BUREAU CASUALTY
INSURANCE COMPANY AND
SOUTHERN FARM BUREAU LIFE
INSURANCE COMPANY,

    Defendants.

CASE NO.: 1:19-cv-00070-MW-GRJ

_____/

**DEFENDANTS FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, FLORIDA FARM BUREAU GENERAL INSURANCE COMPANY, AND SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DIANNA YODER**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Paragraph 1(a) of this Court's Initial Scheduling Order (ECF No. 31), Defendants Florida Farm Bureau Casualty Insurance Company ("Florida Casualty"), Florida Farm Bureau General Insurance Company ("Florida General"), and Southern Farm Bureau Casualty Insurance Company ("Southern Casualty") (collectively,

-1-

"Defendants") hereby propound the following First Request for Production of Documents to Plaintiff Dianna Yoder ("Requests").

## DEFINITIONS AND INSTRUCTIONS

1. The words "You" and "Your" shall refer to Dianna Yoder, the Plaintiff in the above-captioned action to whom these document requests are directed. The words "You" and "Your" shall include Dianna Yoder's dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control.

2. "Defendants" shall mean Defendants Florida Farm Bureau Casualty Insurance Company ("Florida Casualty"), Florida Farm Bureau General Insurance Company ("Florida General"), and Southern Farm Bureau Casualty Insurance Company ("Southern Casualty") (collectively, "Defendants").

3. The term "Action" shall mean the above-captioned civil action in which You are a plaintiff.

4. The words "document" or "documents" are used in their broadest sense to mean all materials within the scope of Federal Rule of Civil Procedure 34(a), including but not limited to any designated documents or electronically stored information ("ESI"), including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if

necessary, after translation into a reasonably usable form, that are in the possession, custody, or control of You or Your counsel. The term "document" further includes originals and all drafts and copies that differ in any respect from the original.

5. "Insurance Agent" or "Agent" means any individual or entity currently or previously under contract to serve in the capacity of an agent for any of the named Defendants in this Action.

6. "Agency Manager" means any individual or entity currently or previously under contract to serve in the capacity of an agency manager for any of the Defendants in this Action.

7. The word "produce" means to make available the documents requested herein for inspection and copying, at the offices of Ford Harrison, LLP, 300 South Orange Avenue, Suite 1300, Orlando Florida 32801 or in another manner mutually agreed to by counsel for the Parties, within thirty (30) days of service of these Requests. Documents responsive to these Requests should be produced in native form or in the form of individual, searchable .PDF or .TIF files and should be organized by Request number or otherwise separated into the categories set forth in these Requests.

8. If you decline to produce any documents requested herein on the basis of any asserted privilege, at the time of production, you shall provide to

Defendants a privilege log in accordance with Local Rule 26(3), which contains (but is not limited to) the following written information as to each withheld document:

    (a)    the name of the document or ESI;

    (b)    its date, or, if not dated, the date it was prepared or received;

    (b)    the type of document (e.g., letter);

    (c)    the author(s) and addressee(s) or recipient(s);

    (d)    its present location;

    (e)    the identity of the individual presently in custody thereof;

    (f)    a general description of its contents;

    (g)    the identity of each person who received a copy of such document and their relationship to the plaintiff;

    (h)    whether such document contains or relates to facts or opinions, or both;

    (i)    the nature of the privilege (e.g., work-product or attorney-client) that you claim with respect to the document.

9.    Unless otherwise specified, the relevant time period for each of these Requests runs from the three years preceding the termination of Your Agent contracts with any of the Defendants through the present.

## **DOCUMENTS TO BE PRODUCED**

1. All documents or communications that discuss, refer, or relate to the filing of this Action, Your decision to participate in this Action, and/or the decision of any other person to participate in this Action (excluding communications between You and Your counsel).

2. All emails or other communications (including but not limited to communications via social media) between You and any other former or current insurance Agents or Agency Managers for any Defendant concerning this Action or relating to the claims or allegations in the Action (including but not limited to joining this Action as a plaintiff).

3. All documents that discuss, refer, or relate to the commissions, benefits, compensation, or other payments You received from any of the Defendants.

4. All documents that reflect commissions, compensation, earnings, income, or benefits that You received for work performed for any person, company, business, or entity other than the Defendants, from farming or agricultural activities, in a self-employed capacity, or otherwise during the period of time that You were under contract with any Defendant.

5. All documents reflecting agreements, contracts, or appointments that You had with any insurance company other than Defendants during the period of time that You were under contract with any Defendant.

6. All documents reflecting commissions, compensation, or other income earned or received by You for the sale or service of any insurance product issued or written by any company other than Florida Casualty, Florida General, or Southern Casualty during the period of time that You were under contract with Defendants.

7. All documents reflecting any commissions, finder's fees, compensation, or other income You received from Farm Bureau Bank FSB during the period of time that You were under contract with any of the Defendants.

8. All documents reflecting any individual and/or corporate IRAs, Solo Ks, Keogh accounts, or other retirement plans for which You are an owner or participant.

9. All documents reflecting any payments made by You for advertising, marketing, or sponsorships relating to the sale or service of insurance products on behalf of any of the Defendants.

10. All documents reflecting any communications You had with any of the Defendants relating to advertising, marketing, or sponsorship payments.

11. Complete copies of Your federal income tax returns for 2014 through

the present, along with any and all schedules, attachments, and documents reflecting earnings or income, including but not limited to any 1099 or W-2 statements You received in those tax years.

12. All communications between You and the Internal Revenue Service between 2014 and the present.

13. All documents reflecting the support or back-up for any tax deductions made on Your federal income tax returns for 2014 through the present relating to work for any of the Defendants including, but not limited to, deductions or claims for (i) car or truck related expenses, (ii) payments for health, life, E&O, or other insurance, (iii) payments for telephone and communication services used while performing work for Defendants, (iv) any other business expenses relating to work for the Defendants in this Action such as travel expenses, meal and entertainment expenses, fees or dues for business-related clubs, trade organizations, or publications, costs for any continuing education or training, accounting expenses, fees to maintain insurance licenses or appointments, advertising, sponsorship, or marketing expenses, and employee or assistant expenses.

14. All documents reflecting any payments made by You in the three years preceding the termination of Your Agent contracts with any of the Defendants for any business expenses and investments, such as personal or

business-related equipment (including but not limited to computers, iPads, laptops, and tablets) used in connection with your work for any of the Defendants.

15. All documents reflecting any payments made by You to any employee, independent contractor (including but not limited to Agency Managers), or other person in connection with work You performed for any Defendant in this Action.

16. All documents reflecting quarterly self-employment tax payments You made or that were made on Your behalf relating to work done for any of the Defendants.

17. All personnel, contract, or other files (including, but not limited to, performance evaluations) maintained on any employee, independent contractor, or person whom You supervised or evaluated in the three years preceding the termination of Your Agent contracts with any of the Defendants.

18. All documents reflecting and relating to Your application for an Agent position with any of the Defendants, including (but not limited to) any and all communications with any of the Defendants related to such application.

19. All documents relating to complaints by policyholders, customers, other Agents, Agency Managers, any Defendant, State of Florida, employees, members or leaders of any County Farm Bureau, or any other persons relating to You.

20. All documents relating to any local, state, or federal licenses You hold or held relating to the sale and servicing of insurance products, including (but not limited to) any documents relating to the payment of fees, dues, or other expenses associated with those licenses.

21. All documents relating to any continuing education courses, conferences, or training You took or participated in, which relate to the sale and servicing of insurance products, including (but not limited to) receipts or other documents reflecting payment for same.

22. Any communications between You and the Department of Labor relating to any Defendant in this Action.

23. All documents showing the dates on which you were on vacation or traveling for personal or family reasons from in the three years preceding the termination of Your Agent contracts with any of the Defendants, including but not limited to any documents showing expenses for car, train, airline, other travel, hotel, or lodging.

24. Copies of all diaries, journals, notebooks, notes, calendars, or other documents, whether in physical or electronic format, reflecting all appointments (business or personal), conferences, telephone calls, meetings, vacations, or other "days off" You had in the three years preceding the termination of Your Agent contracts with any of the Defendants.

25. Your phone bills, phone logs, and any other records reflecting all calls and text messages during the period of time for which You are making a for overtime compensation in this Action.

26. All documents that support Your allegation that You worked in excess of 40 hours in any week for which You seek overtime compensation in this Action.

27. All documents that support Your allegations that You were misclassified by Defendants as an independent contractor.

28. Any e-mails (or copies of e-mails) sent to or received by any other account besides Your Florida Farm Bureau Insurance e-mail account that You utilized in connection with work done for any of the Defendants.

29. Any audio or video recordings that relate in any way to the allegations or claims in this Action.

30. All documents, including any communications subsequent to termination of Your contract with any of the Defendants, between You and any prospective employers, employment agencies, potential business partners, or other companies, which describe Your prior position(s) or work experience with any of the Defendants.

31. All copies of Your resume, CV, bio, or any other document describing your professional experience and work history.

32. All of Your social media posts or content, including (but not limited to) complete postings, photos, and "friends" lists on Facebook, Twitter, Tumblr, Instagram, LinkedIn, Google Plus, YouTube, Foursquare, Flickr, Pinterest, and any other social media site or network from April 16, 2016 to present concerning this Action or relating to the claims or allegations in this Action.

33. All documents that You have consulted or relied upon in responding to Defendants' First Set of Interrogatories, and all documents identified in Your responses to Defendants' First Set of Interrogatories, including but not limited to all documents that support Your calculations of damages.

34. All documents and other tangible items in Your possession, custody, control, or otherwise available to You upon which You may rely in preparation of Your deposition or at trial, to which You may refer in preparation for Your testimony at trial, or which You may use for any other purpose associated with this Action including, but not limited to, those documents or tangible items that You may use as trial exhibits or demonstrative aids.

35. All raw data and computation sheets upon which the amount of any alleged claim for damages in this case is or may be based, and the working papers from which any exhibit purporting to summarize, demonstrate, or otherwise reflect any alleged damages was prepared.

36. All calendars, diaries, or other documents (including cell phone records, Sun Pass or E-Pass receipts and logs of usage, GPS device logs and/or search records, credit card statements reflecting transactions, debit card statements reflecting transactions) in Your possession, custody, control, or otherwise available to You that contains any entries or notations pertaining to Your whereabouts, including any appointments and commitments you may have had, during the time period you seek overtime compensation in this Action.

37. All statements, written or audio taped, that You provided or prepared regarding Defendants and that relate to the allegations, claims, and/or defenses in this Action.

38. Copies of all documents and pleadings regarding civil lawsuits where You were a party including lawsuits involving employment discrimination, theft, misrepresentations, fraud, trade secret violations, common law conversion or allegations of dishonesty, and all court orders, judgments and/or jury verdicts regarding such claims.

39. Copies of all documents and pleadings regarding criminal actions where You were named as a defendant that included charges of theft, misrepresentations, fraud, or allegations of dishonesty, and all court orders, judgments, convictions and/or jury verdicts regarding such charges.

40. Copies of all documents and pleadings regarding any felony criminal convictions of Plaintiff during the past ten (10) years.

41. A copy of the fee agreement or arrangement with Your present attorney(s) or prior attorney(s) regarding Your claims against Defendants.

42. Copies of any and all sworn statements or depositions executed and/or provided by You within the last ten (10) years.

43. Any documents You have to support Your allegation in this Action that "[e]ach Employer engages in activities related to selling and servicing insurance policies under the Florida Farm Bureau or Southern Farm Bureau aegis."

44. All documents You have to support Your allegation in this Action that "[t]he Employers operate subject to common control and management."

45. All documents You have to support Your allegation in this Action that "[t]he Employers have a unified operation, with each of the entities working together to offer different kinds of insurance in the Florida market under a single Florida Farm Bureau identity."

46. All documents You have to support Your allegation in this Action that "[t]he Employers engaged in complementary businesses and were to a significant degree operationally interdependent."

47. All documents You have to support Your allegation in this Action that each Defendant in this action "are joint employers of Plaintiffs and other misclassified agents."

48. All documents reflecting any communication concerning any fact, matter, issue, or allegation relating to this Action or her lawsuit, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with Megan Britt on anyone on her behalf since April 16, 2016 to present.

49. All documents reflecting any communication concerning any fact, matter, issue, or allegation relating to this Action or his lawsuit, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with Christopher Ferguson or anyone on his behalf since April 16, 2016 to present.

50. All documents that reflect commissions, compensation, earnings, income, or benefits that You received for work performed for Southern Farm Bureau Casualty Insurance Company.

51. All documents that reflect an agreement between You and Southern Farm Bureau Casualty Insurance Company.

52. Copies of all business cards any Defendant issued to You.

53. All documents that support Your allegation in this Action that You and other insurance agents "were closely supervised by other employees of" Defendants.

54. All documents that support Your allegation in this Action that Defendants required You and other insurance agents "to use a signature that identified [You or any agent] as Employers' agents."

55. All documents that support Your allegation in this Action that Defendants "controlled the substantive content of all advertising done on behalf of Florida Farm Bureau" and all documents that supports Your allegation in this Action that Your and/or other agents' advertising had to approved by Defendants.

56. All documents that support Your allegation in this Action that Defendants "solely controlled the placement of policies."

57. All documents that support Your allegation in this Action that Defendants required You and other agents to attend meetings and training sessions.

58. All documents that support Your allegation in this Action that Defendants, not You and other agents "owned [the] 'book of business' of policyholders."

59. All documents that support Your allegation in this Action that Defendants set Your and/or other agents "a specific schedule, requiring daily work

within set hours at branch locations as well as additional work outside of the normal office hours."

60. All documents that support Your allegation in this Action that Defendants expected You and other agents to stay on Defendants' "premises during the normal work day," that You and other agents "were so strongly discouraged from leaving that if [You and the other agents] did, [You and the other agents] received calls and e-mails not only questioning [You and the other agents] about where [You and the other agents] were and what [You and the other agents] were doing but also insisting that [You and the other agents] return to work."

61. All documents that you support Your allegation in this Action that Defendants "closely monitored, micromanaged, and effectively exercised control over the scheduling of [Your] and other agents, both in terms of hours worked, and in terms of vacation and other planned time off."

62. All documents reflecting any communication any fact, matter, issue, or allegation relating to this Action, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with any named Plaintiff, Opt-in Plaintiff, and/or other agent who filed a consent to join this Action, who expressed an interest in joining this

Action, or who expressed no interest in joining this Action, other than communications that include Your attorney.

Dated this day: June 11, 2019            Respectfully submitted,

By:/s/Aaron L. Zandy
    Aaron L. Zandy - Trial Counsel
    Florida Bar No. 0125271
    Email:  azandy@fordharrison.com
    Lori R. Benton
    Florida Bar No. 708429
    Email:  lbenton@fordharrison.com
    Bret C. Yaw
    Florida Bar No. 0100445
    Email:  byaw@fordharrison.com

FORD & HARRISON LLP
300 South Orange Avenue, Suite 1300
Orlando, FL  32801
(407) 418-2300  Telephone
(407) 418-2327  Facsimile

*Attorneys for Defendants Florida Farm Bureau Casualty Insurance Company, Florida Farm Bureau General Insurance Company and Southern Farm Bureau Casualty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 11, 2019, I electronically mailed the foregoing to: Jason A. Richardson, Esq., at Jason.Richardson@mhllp.com, Avishay Moshenberg, Esq., at avi.moshenberg@mhllp.com, Nicholas R. Lawson, Esq., at nick.lawson@mhllp.com, and Emil Sadykhov, Esq., at emil.sadykhov@mhllp.com, McDowell Hetherington LLP, 1001 Fannin Street, Suite 2700, Houston, Texas 77002, Cathleen G. Bremmer, Esq., at Cbell@carltonfields.com, Irma Teresa Solares, Esq., at Isolares@carltonfields.com, and Stephanie A. Fichera, Esq., at Sfichera@carltonfields.com, Carlton Fields PA, 100 SE 2nd Street, Suite 4200, Miami, Florida 33131.

/s/Aaron L. Zandy
Aaron L. Zandy

WSACTIVELLP:10570114.1