Exhibit H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **DIANNA YODER,** | § | |
| **CLINT WALDING, and** | § | |
| **KELLEY WILLIAMS, individually and** | § | |
| **on Behalf of Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 1:19-cv-00070-MW-** |
| **v.** | § | **GRJ** |
| | § | |
| **FLORIDA FARM BUREAU, FLORIDA** | § | **JURY TRIAL DEMANDED** |
| **FARM BUREAU GROUP, FLORIDA** | § | |
| **FARM BUREAU FEDERATION,** | § | |
| **FLORIDA FARM BUREAU CASUALTY** | § | |
| **INSURANCE COMPANY, FLORIDA** | § | |
| **FARM BUREAU GENERAL** | § | |
| **INSURANCE COMPANY, SOUTHERN** | § | |
| **FARM BURUEA CASUALTY** | § | |
| **INSURANCE COMPANY, and** | § | |
| **SOUTHERN FARM BUREAU LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF DIANNA YODER'S**
**OBJECTIONS AND RESPONSES TO DEFENDANTS FLORIDA FARM BUREAU**
**CASUALTY INSURANCE COMPANY, FLORIDA FARM BUREAU GENERAL**
**INSURANCE COMPANY, AND SOUTHERN FARM BUREAU CASUALTY INSURANCE**
<u>**COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

To:     Defendants Florida Farm Bureau Casualty Insurance Company, Florida Farm Bureau General Insurance Company, and Southern arm Bureau Casualty Insurance Company, by and through their counsel of record Ford & Harrison LLP, 300 South Orange Avenue, Suite 1300, Orlando, Florida 32801.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Dianna Yoder serves her answers

and objections to Defendants Florida Farm Bureau Casualty Insurance Company, Florida Farm

Bureau General Insurance Company, and Southern arm Bureau Casualty Insurance Company's ("Defendants") Requests for Production of Documents.

**McDOWELL HETHERINGTON LLP**

By: /s/ Avi Moshenberg
      Jason A. Richardson
      Fla. Bar No. 56902
      Email:  Jason.Richardson@mhllp.com
      Avi Moshenberg*
      Texas Bar No. 24083532
      Email:  avi.moshenberg@mhllp.com
      Nick Lawson*
      Texas Bar No. 24083367
      Email:  nick.lawson@mhllp.com
      Emil Sadykhov*
      Texas Bar No. 24110316
      Email:  emil.sadykhov@mhllp.com
      1001 Fannin Street, Suite 2700
      Houston, Texas 77002
      Telephone:  (713) 337-5580
      Facsimile:   (713) 337-8850

      **Attorneys for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of foregoing document was served by electronic mail and/or U.S. Mail on July 22, 2019, upon the following:

Cathleen Bell Bremmer
**Carlton Fields, P.A.**
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
cbell@carltonfields.com

Irma Reboso Solares
Stephanie A. Fichera
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131-2113
isolares@carltonfields.com
sfichera@carltonfields.com

*Attorneys for Defendant Southern Farm Bureau Life Insurance Company*

Aaron L. Zandy
Lori R. Benton
Bret C. Yaw
**Ford & Harrison LLP**
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801
lbenton@fordharrison.com
azandy@fordharrison.com
byaw@fordharrison.com

*Counsel for Defendants Florida Farm Bureau Casualty Insurance Company, Florida Farm Bureau General Insurance Company, and Southern Farm Bureau Casualty Insurance Company*

*/s/ Avi Moshenberg*
Avi Moshenberg

## <u>OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION</u>

1. All documents or communications that discuss, refer, or relate to the filing of this Action, Your decision to participate in this Action, and/or the decision of any other person to participate in this Action (excluding communications between You and Your counsel).

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All documents or communications that discuss, refer, or relate to" the filing or any person's participation in this Action. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, and oppressive, potentially implicates privacy rights of third parties by requesting documents and communications related to other persons' participation in this Action. Lastly, Plaintiff objects to this request on the grounds that it is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is not able to reasonably identify the documents or category of documents sought through this request. Plaintiff has no relevant, responsive, non-privileged documents in her possession custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents.

2. All emails or other communications (including but not limited to communications via social media) between You and any other former or current insurance Agents or Agency Managers for any Defendant concerning this Action or relating to the claims or allegations in the Action (including but not limited to joining this Action as a plaintiff).

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action themselves, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected (i.e., "concerning this Action or relating to the claims or allegations in the Action"). Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is not able to reasonably identify the documents or category of documents sought through this request. Plaintiff has no relevant, responsive, non-privileged documents in her possession custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents.

3. All documents that discuss, refer, or relate to the commissions, benefits, compensation, or other payments You received from any of the Defendants.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, to the extent that this request seeks production of records containing the "[r]egular hourly rate of pay for any workweek in which overtime compensation is due" to Plaintiff, including the "basis of pay" and the "amount and nature of each payment," 29 C.F.R. § 516.2(a)(6), Plaintiff objects to this Request on the grounds that it seeks identification of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a). "[A]n employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Oliva v. Infinite Energy Inc.*, No. 1:11–cv–00232–MP–GRJ, 2012 WL 11868265, at *9 (N.D. Fla. 2012) (quoting another source); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All documents that discuss, refer, or relate to the commissions, benefits, compensation, or other payments" received from any of the Defendants would potentially encompass a wide variety of both relevant and irrelevant documents, making it impossible to answer with any specificity. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

4. All documents that reflect commissions, compensation, earnings, income, or benefits that You received for work performed for any person, company, business, or entity other than the Defendants, from farming or agricultural activities, in a self-employed capacity, or otherwise during the period of time that You were under contract with any Defendant.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited by time. Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control for the time period in which she seeks overtime compensation.

5. All documents reflecting agreements, contracts, or appointments that You had with any insurance company other than Defendants during the period of time that You were under contract with any Defendant.

**RESPONSE:** Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control.

6. All documents reflecting commissions, compensation, or other income earned or received by You for the sale or service of any insurance product issued or written by any company other than Florida Casualty, Florida General, or Southern Casualty during the period of time that You were under contract with Defendants.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited by time. Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control for the time period in which she seeks overtime compensation.

7. All documents reflecting any commissions, finder's fees, compensation, or other income You received from Farm Bureau Bank FSB during the period of time that You were under contract with any of the Defendants.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited by time. Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

8. All documents reflecting any individual and/or corporate IRAs, Solo Ks, Keogh accounts, or other retirement plans for which You are an owner or participant.

**RESPONSE:** To the extent this request would implicate the production of Plaintiff's financial records and/or tax returns, Plaintiff objects to the production of those documents on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is withholding production of responsive documents to the extent tax documents may contain responsive material. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of any other objections.

9. All documents reflecting any payments made by You for advertising, marketing, or sponsorships relating to the sale or service of insurance products on behalf of any of the Defendants.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks identification of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the underline employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects to this Request on the ground it is vague, ambiguous, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff further objects that the request is overly broad, indefinite as to time and without reasonable limitation in its scope.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

10. All documents reflecting any communications You had with any of the Defendants relating to advertising, marketing, or sponsorship payments.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request on the grounds that it seeks identification of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the underline employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment

and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects to this Request on the ground it is vague, ambiguous, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff further objects that the request is overly broad, indefinite as to time and without reasonable limitation in its scope.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

11. Complete copies of Your federal income tax returns for 2014 through the present, along with any and all schedules, attachments, and documents reflecting earnings or income, including but not limited to any 1099 or W-2 statements You received in those tax years.

**RESPONSE:** Plaintiff objects to the production of her tax returns on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is withholding production of requested documents on the basis of the objections asserted.

12. All communications between You and the Internal Revenue Service between 2014 and the present.

**RESPONSE:** Plaintiffs objects to this request as an invasion of Plaintiff's privacy and irrelevant to the subject matter of this Action in that it seeks disclosure of personal and private information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff objects to the production of communications between her and the IRS on the ground that it would implicate the production of "highly sensitive documents" such as tax returns which "courts should be reluctant to order [disclosure of] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague and ambiguous in not defining "communications,"

overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff is not able to reasonably identify the documents or category of documents sought through this request.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

13. All documents reflecting the support or back-up for any tax deductions made on Your federal income tax returns for 2014 through the present relating to work for any of the Defendants including, but not limited to, deductions or claims for (i) car or truck related expenses, (ii) payments for health, life, E&O, or other insurance, (iii) payments for telephone and communication services used while performing work for Defendants, (iv) any other business expenses relating to work for the Defendants in this Action such as travel expenses, meal and entertainment expenses, fees or dues for business-related clubs, trade organizations, or publications, costs for any continuing education or training, accounting expenses, fees to maintain insurance licenses or appointments, advertising, sponsorship, or marketing expenses, and employee or assistant expenses.

**RESPONSE:** Plaintiff objects to the production of her financial statements/records and tax returns on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is withholding production of requested documents on the basis of the objections asserted.

14. All documents reflecting any payments made by You in the three years preceding the termination of Your Agent contracts with any of the Defendants for any business expenses and investments, such as personal or business-related equipment (including but not limited to computers, iPads, laptops, and tablets) used in connection with your work for any of the Defendants.

**RESPONSE:** Plaintiff objects to this Request on the ground it is unduly burdensome, overbroad, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction

or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected— i.e., "*any* payments made . . . for *any* business expenses and investments . . . used in connection with [Plaintiff's] work for any of the Defendants."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

15. All documents reflecting any payments made by You to any employee, independent contractor (including but not limited to Agency Managers), or other person in connection with work You performed for any Defendant in this Action.

**RESPONSE:** Plaintiff objects to this Request on the ground it is unduly burdensome, overbroad, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected— i.e., "any payments made by [Plaintiff] to any employee, independent contractor, (including but not limited to Agency Managers) or other person."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

16. All documents reflecting quarterly self-employment tax payments You made or that were made on Your behalf relating to work done for any of the Defendants.

**RESPONSE:** Plaintiff objects to the production of her financial statements/records and tax returns on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is withholding production of requested documents on the basis of the objections asserted.

17. All personnel, contract, or other files (including, but not limited to, performance evaluations) maintained on any employee, independent contractor, or person whom You supervised or evaluated in the three years preceding the termination of Your Agent contracts with any of the Defendants.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request on the grounds that it seeks production of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff also objects to this Request on the ground it is unduly burdensome, overbroad, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All personnel, contract, *or other files*."

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

18. All documents reflecting and relating to Your application for an Agent position with any of the Defendants, including (but not limited to) any and all communications with any of the Defendants related to such application.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it seeks documents that are available to all parties equally—if not available *only* to Defendants—and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and

amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All documents reflecting and *relating to* [Plaintiff's] application for an Agent position," which would technically include a multitude of documents irrelevant to the claims asserted in this Action, such as a social security card or driver's license.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.


19. All documents relating to complaints by policyholders, customers, other Agents, Agency Managers, any Defendant, State of Florida, employees, members or leaders of any County Farm Bureau, or any other persons relating to You.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks production of documents that are both irrelevant to the claims asserted in this Action and protected from discovery by the attorney-client privilege and/or attorney work product doctrine. The question is impermissibly overbroad and is unlimited as to time and scope, and is therefore oppressive, burdensome, and irrelevant to the subject matter of this Action in that it seeks production of documents and information intended solely to harass, embarrass, and cause undue burden.

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—e.g., "All documents *relating* to complaints by policyholders [or] customers" would technically encompass a wide variety documents that are both relevant and irrelevant to the claims asserted in this Action, such as individual policyholder contracts which would technically *relate* to a complaint, if any. Furthermore, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

20. All documents relating to any local, state, or federal licenses You hold or held relating to the sale and servicing of insurance products, including (but not limited to) any documents relating to the payment of fees, dues, or other expenses associated with those licenses.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks information that is irrelevant to the claims asserted in this Action. Furthermore, Plaintiff objects to this Request to the extent that it seeks the production of documents related to any local, state, or federal licenses held by Plaintiff during her employment with Defendant entities, on the grounds that the records sought are more easily available to Defendants seeing as it is the duty of the *employer* to maintain records and possession of these same documents (or at least copies thereof). *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added); *see also* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery).

Plaintiff further objects to this Request on the ground it is overbroad and unlimited in temporal scope, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.


21. All documents relating to any continuing education courses, conferences, or training You took or participated in, which relate to the sale and servicing of insurance products, including (but not limited to) receipts or other documents reflecting payment for same.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information that is both irrelevant to the claims asserted in this Action and overbroad in temporal scope. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—e.g., "All documents *relating* to continuing education courses . . . which *relate* to the sale and servicing of insurance products." Furthermore, Plaintiff objects to this Request on the grounds that it is unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis

of these objections.

22. Any communications between You and the Department of Labor relating to any Defendant in this Action.

**RESPONSE:** Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control.

23. All documents showing the dates on which you were on vacation or traveling for personal or family reasons from in the three years preceding the termination of Your Agent contracts with any of the Defendants, including but not limited to any documents showing expenses for car, train, airline, other travel, hotel, or lodging.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it both (i) seeks information and documents that are irrelevant to the claims asserted in this Action, and (ii) is unduly burdensome and oppressive in that it seeks to invade Plaintiff's privacy by requesting the disclosure of irrelevant, personal, and private information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff further objects to this Request on the grounds that it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

24. Copies of all diaries, journals, notebooks, notes, calendars, or other documents, whether in physical or electronic format, reflecting all appointments (business or personal), conferences, telephone calls, meetings, vacations, or other "days off" You had in the three years preceding the termination of Your Agent contracts with any of the Defendants.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks information that is available to all parties equally—if not available *only* to Defendants—seeing as many documents responsive to this Request would be on Plaintiff's Microsoft Outlook account which is in Defendants' possession and control. Furthermore, these are the types of records that *employers* are required by law to keep. *See* 29 C.F.R. § 516.2(a); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added). Plaintiff further objects to this Request to the extent it seeks information and documents irrelevant to the claims asserted in this Action, and therefore is not reasonably calculated to lead to the discovery of admissible

14

evidence. Plaintiff's employment at the Defendant entities is precisely at issue in this Action, and therefore any and all Requests concerning documents reflecting "vacations" or "other 'days off'" when Plaintiff *did not* work for Defendant entities must be irrelevant, both legally speaking and from the standpoint of basic common sense. This Request is therefore oppressive, irrelevant, and unduly burdensome.

Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Lastly, Plaintiff objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected.

Plaintiff will produce relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections.

25. Your phone bills, phone logs, and any other records reflecting all calls and text messages during the period of time for which You are making a for overtime compensation in this Action.

**RESPONSE:** To the extent this Request asks for records reflecting all calls and text messages during the period of time for which Plaintiff is making a *claim* for overtime compensation in this Action, Plaintiff objects to this Request on the grounds that it seeks information irrelevant to the claims asserted and therefore is overbroad, unduly burdensome, and oppressive in effectively requiring Plaintiff to amass all records related to any and all mobile communications over the span of three years. Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is withholding responsive documents on the basis of these objections.

26. All documents that support Your allegation that You worked in excess of 40 hours in any week for which You seek overtime compensation in this Action.

**RESPONSE:** To the extent that this request seeks documents reflecting the "[h]ours worked each workday and total hours worked each workweek" by Plaintiff outside of County Farm Bureau offices, 29 C.F.R. § 516.2(a)(7), Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to— Defendants, and is therefore oppressive and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a). "[A]n employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Oliva v. Infinite Energy Inc.*, No. 1:11–cv–00232– MP–GRJ, 2012 WL 11868265, at *9 (N.D. Fla. 2012) (quoting another source); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under

[the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added). Many documents responsive to this Request would be on Plaintiff's Microsoft Outlook account which is in Defendants' possession and control. This Request is therefore oppressive, harassing, and unduly burdensome.

Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be produced. Therefore, Plaintiff is not able to reasonably identify the relevant documents or category of documents sought through this request.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

27. All documents that support Your allegations that You were misclassified by Defendants as an independent contractor.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be produced. Therefore, Plaintiff is not able to reasonably identify the relevant documents or category of documents sought through this request. Plaintiff also objects to this Request on the ground it is overbroad and unduly burdensome, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

16

28. Any e-mails (or copies of e-mails) sent to or received by any other account besides Your Florida Farm Bureau Insurance e-mail account that You utilized in connection with work done for any of the Defendants.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it both (i) seeks information and documents that are irrelevant to the claims asserted in this Action, and (ii) is unduly burdensome and oppressive in that it seeks to invade Plaintiff's privacy by requesting the disclosure of irrelevant, personal, and private information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff further objects to this Request on the grounds that it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

29. Any audio or video recordings that relate in any way to the allegations or claims in this Action.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "that relate in any way" would technically include a wide variety of both relevant and irrelevant responsive information, making this Request impossible to answer with any specificity. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff is not able to reasonably identify the documents or category of documents sought through this request.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

30. All documents, including any communications subsequent to termination of Your contract with any of the Defendants, between You and any prospective employers, employment agencies, potential business partners, or other companies, which describe Your prior position(s) or work experience with any of the Defendants.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it seeks the production of documents irrelevant to the

claims or defenses asserted in this Action, and therefore it is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope in that it is not limited to communications prior to termination of Plaintiff's contract with SFB Life, and therefore is unduly burdensome and oppressive. Plaintiff also objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected. Lastly, Plaintiff objects to this Request on the grounds that it potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control." Plaintiff is not able to reasonably identify the documents or category of documents sought through this request.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

31. All copies of Your resume, CV, bio, or any other document describing your professional experience and work history.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks information irrelevant to the claims asserted in this Action, and is therefore unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

32. All of Your social media posts or content, including (but not limited to) complete postings, photos, and "friends" lists on Facebook, Twitter, Tumblr, Instagram, LinkedIn, Google Plus, YouTube, Foursquare, Flickr, Pinterest, and any other social media site or network from April 16, 2016 to present concerning this Action or relating to the claims or allegations in this Action.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks information irrelevant to the claims asserted in this Action, and is therefore unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is withholding non-privileged responsive documents on the basis of the objections asserted.

33. All documents that You have consulted or relied upon in responding to Defendants' First Set of Interrogatories, and all documents identified in Your responses to Defendants' First Set of Interrogatories, including but not limited to all documents that support Your calculations of damages.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected, making this Request impossible to answer with any specificity. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

34. All documents and other tangible items in Your possession, custody, control, or otherwise available to You upon which You may rely in preparation of Your deposition or at trial, to which You may refer in preparation for Your testimony at trial, or which You may use for any other purpose associated with this Action including, but not limited to, those documents or tangible items that You may use as trial exhibits or demonstrative aids.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected, making this Request impossible to answer with any specificity. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

35. All raw data and computation sheets upon which the amount of any alleged claim for damages in this case is or may be based, and the working papers from which any exhibit purporting to summarize, demonstrate, or otherwise reflect any alleged damages was prepared.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected, making this Request impossible to answer with any specificity.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

36. All calendars, diaries, or other documents (including cell phone records, Sun Pass or E-Pass receipts and logs of usage, GPS device logs and/or search records, credit card statements reflecting transactions, debit card statements reflecting transactions) in Your possession, custody, control, or otherwise available to You that contains any entries or notations pertaining to Your whereabouts, including any appointments and commitments you may have had, during the time period you seek overtime compensation in this Action.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it both (i) seeks information and documents that are irrelevant to the claims asserted in this Action, and (ii) is unduly burdensome and oppressive in that it seeks to invade Plaintiff's privacy by requesting the disclosure of irrelevant, personal, and private information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff also objects to this request on the grounds that it is overbroad, unduly burdensome, and clearly harassing in seeking "[a]ll calendars, diaries, or other documents (including cell phone records, Sun Pass or E-Pass receipts and logs of usage, GPS device logs and/or search records, credit card statements reflecting transactions, debit card statements reflecting transactions)." Furthermore, marshaling such records and documents

would be unduly burdensome on its face simply due to the fact that the request is so broad it would require Plaintiff to comb through three or more years of personal "calendars, diaries, or other documents (including cell phone records, Sun Pass or E-Pass receipts and logs of usage, GPS device logs and/or search records, credit card statements reflecting transactions, debit card statements reflecting transactions)" which would potentially include going through every calendar, diary, or planner, in handwritten or electronic form, belonging to Plaintiff or potentially any of her family members, which contain "entries or notations pertaining to [Plaintiffs] whereabouts" during the three years preceding the filing of this Action. The scope of this request alone would require Plaintiff to set aside substantial time simply to attempt to comply.

Plaintiff further objects to this Request on the grounds that it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Plaintiff is will produce relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of the objections asserted.

37. All statements, written or audio taped, that You provided or prepared regarding Defendants and that relate to the allegations, claims, and/or defenses in this Action.

**RESPONSE:** Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control.

38. Copies of all documents and pleadings regarding civil lawsuits where You were a party including lawsuits involving employment discrimination, theft, misrepresentations, fraud, trade secret violations, common law conversion or allegations of dishonesty, and all court orders, judgments and/or jury verdicts regarding such claims.

**RESPONSE:** Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control.

39. Copies of all documents and pleadings regarding criminal actions where You were named as a defendant that included charges of theft, misrepresentations, fraud, or allegations of dishonesty, and all court orders, judgments, convictions and/or jury verdicts regarding such charges.

**RESPONSE:** Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control.

40. Copies of all documents and pleadings regarding any felony criminal convictions of Plaintiff during the past ten (10) years.

**RESPONSE:** Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control.


41. A copy of the fee agreement or arrangement with Your present attorney(s) or prior attorney(s) regarding Your claims against Defendants.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff is withholding production of requested documents on the basis of the objections asserted.


42. Copies of any and all sworn statements or depositions executed and/or provided by You within the last ten (10) years.

**RESPONSE:** Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control.


43. Any documents You have to support Your allegation in this Action that "[e]ach Employer engages in activities related to selling and servicing insurance policies under the Florida Farm Bureau or Southern Farm Bureau aegis."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections.

44. All documents You have to support Your allegation in this Action that "[t]he Employers operate subject to common control and management."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also

objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections.

45. All documents You have to support Your allegation in this Action that "[t]he Employers have a unified operation, with each of the entities working together to offer different kinds of insurance in the Florida market under a single Florida Farm Bureau identity."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections.

46. All documents You have to support Your allegation in this Action that "[t]he Employers engaged in complementary businesses and were to a significant degree operationally interdependent."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections.

47. All documents You have to support Your allegation in this Action that each Defendant in this action "are joint employers of Plaintiffs and other misclassified agents."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections.

48. All documents reflecting any communication concerning any fact, matter, issue, or allegation relating to this Action or her lawsuit, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with Megan Britt on anyone on her behalf since April 16, 2016 to present.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant to the extent that it seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing in requesting production of all "telephone records, online and/or social media messages, emails, and notes from oral conversations" that Plaintiff has had with someone who is not a party to this Action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

49. All documents reflecting any communication concerning any fact, matter, issue, or allegation relating to this Action or her lawsuit, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with Christopher Ferguson or anyone on her behalf since April 16, 2016 to present.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is irrelevant to the extent that it seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing in requesting production of all "telephone records,

online and/or social media messages, emails, and notes from oral conversations" that Plaintiff has had with someone who is not a party to this Action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

50. All documents that reflect commissions, compensation, earnings, income, or benefits that You received for work performed for Southern Farm Bureau Casualty Insurance Company.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited by time. Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control for the time period in which she seeks overtime compensation. Plaintiff is not intentionally withholding documents on the basis of any other objections.

51. All documents that reflect an agreement between You and Southern Farm Bureau Casualty Insurance Company.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.

52. Copies of all business cards any Defendant issued to You.

**RESPONSE:** Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control for the time period in which she seeks overtime compensation. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.

53. All documents that support Your allegation in this Action that You and other insurance agents "were closely supervised by other employees of" Defendants.

**RESPONSE:** Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control for the time period in which she seeks overtime compensation. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.

54. All documents that support Your allegation in this Action that Defendants required You and other insurance agents "to use a signature that identified [You or any agent] as Employers' agents."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control for the time period in which she seeks overtime compensation. Plaintiff is not withholding documents on the basis of these objections.

55. All documents that support Your allegation in this Action that Defendants "controlled the substantive content of all advertising done on behalf of Florida Farm Bureau" and all documents that supports Your allegation in this Action that Your and/or other agents' advertising had to approved by Defendants.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

56. All documents that support Your allegation in this Action that Defendants "solely controlled the placement of policies."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they

are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

57. All documents that support Your allegation in this Action that Defendants required You and other agents to attend meetings and training sessions.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

58. All documents that support Your allegation in this Action that Defendants, not You and other agents "owned [the] 'book of business' of policyholders."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.

59. All documents that support Your allegation in this Action that Defendants set Your and/or other agents "a specific schedule, requiring daily work within set hours at branch locations as well as additional work outside of the normal office hours."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of

law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.

60. All documents that support Your allegation in this Action that Defendants expected You and other agents to stay on Defendants' "premises during the normal work day," that You and other agents "were so strongly discouraged from leaving that if [You and the other agents] did, [You and the other agents] received calls and e-mails not only questioning [You and the other agents] about where [You and the other agents] were and what [You and the other agents] were doing but also insisting that [You and the other agents] return to work."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.

61. All documents that you support Your allegation in this Action that Defendants "closely monitored, micromanaged, and effectively exercised control over the scheduling of [Your] and other agents, both in terms of hours worked, and in terms of vacation and other planned time off."

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.

62. All documents reflecting any communication any fact, matter, issue, or allegation relating to this Action, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with any named Plaintiff, Opt-in Plaintiff, and/or other agent who filed a consent to join this Action, who expressed an interest in joining this Action, or who expressed no interest in joining this Action, other than communications that include Your attorney.

**RESPONSE:** Plaintiff objects to this request in that it is patently overbroad, unduly burdensome, and harassing in requesting "[a]ll documents reflecting any communication . . . relating to this Action" with any number of agents who might have expressed either an interest *or* no interest "in joining this Action," which would ostensibly include *any* agent with whom Plaintiff might have spoken within or even outside of the State of Florida, whether or not they were employees of Defendant entities. Plaintiffs' Constitutionally and Federally protected right to engage in open communications "with any named Plaintiff, Opt-in Plaintiff, and/or other agent who filed a consent to join this Action, who expressed an interest in joining this Action, *or who expressed no interest in joining this Action*" is not relevant or even at issue in this Action, and this Request is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted.