Exhibit J



Ius Laboris USA Global HR Lawyers

300 South Orange Avenue | Suite 1300
Orlando, Florida  32801
Tel 407-418-2300 | Fax 407-418-2327

LORI R. BENTON
407-418-2301
lbenton@fordharrison.com

January 10, 2020

**VIA EMAIL (AVI.MOSHENBERG@MHLLP.COM)**

Avi Moshenberg, Esq.
McDowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, Texas 7002

Re:   *Dianne Yoder, et al. v. Florida Farm Bureau, et al.*
Case No. 1:19-cv-00070-MW-GRJ

Dear Mr. Moshenberg:

We hope you enjoyed the holidays.  We, on behalf of Defendants Florida Farm Bureau Casualty Insurance Company, Florida Farm Bureau General Insurance Company, and Southern Farm Bureau Casualty Insurance Company (collectively, "Defendants"), are sending you this letter to discuss Plaintiffs' and Opt-in Plaintiffs' deficient responses to Defendants' first set of interrogatories and request for production of documents, which are similar or the same as responses to discovery served by Southern Farm Bureau Life Insurance Company.  For purposes of this letter, we refer to Plaintiffs and Opt-in Plaintiffs as "Plaintiffs."  Because the discovery requests and responses are almost identical for each Plaintiff and Opt-in Plaintiff, we are relying on the discovery requests served on Ms. Yoder and her responses to address herein all the discovery requests and responses together, not individually.  Defendants' requests are

I.      **INTERROGATORIES**

Below we address separately the interrogatories we propounded, Plaintiffs' responses, and our position as to the deficiency of the responses.

**INTERROGATORY NO. 1:**  "Identify all facts and documents that support Your claim that You worked over forty hours during any workweek for which You are seeking overtime pay in this Action."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be identified—i.e., "Identify all facts and documents that support Your claim that You worked over forty hours during any workweek"

Avi Moshenberg, Esq.
**January 10, 2020**

spanning three years from the date of filing of the complaint. Plaintiff further objects to this request on the grounds that it is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] 'dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to his direction or control." Plaintiff also objects to this Request on the grounds that it is overbroad and potentially implicates privacy rights of third parties by requesting the identification of documents and 'or other evidence' related to other persons' participation in this Action.

Lastly, Plaintiff objects to this Request in that it appears to require the Plaintiff to provide a detailed narrative of [his/her] entire case including the identity of every witness and document that support each described fact, and therefore it is clearly overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. All-encompassing interrogatories such as this Request have been held to be overbroad and unduly burdensome on their face. *See Tawreed Companies Representation v. ISO Group, Inc.*, No. 6:11-cv-144-Orl-35GJK, 2011 WL 13298825, at *4–5 (M.D. Fla. 2011); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) ("Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action. To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

Subject to and without waiving the forgoing objections, Plaintiff is not able to reasonably identify the documents or category of documents sought through this request. Nevertheless, Plaintiff expects to support [his/her] own testimony related to overtime through documentation maintained by Defendants, including his email and outlook calendar files, as well as any and all available documentation illustrating [his/her] sales production and other work for Defendants. Additional supporting documentation may be revealed by discovery. Plaintiff is not intentionally limiting [his/her] response to this interrogatory on the basis of these objections."

**THIS RESPONSE TO INTERROGATORY NO. 1 IS DEFICIENT:** The interrogatory is neither overbroad nor vague and seeks information with reasonable particularity.  Interrogatory No. 1 simply requests Plaintiffs to identify facts and documents supporting their claims they are entitled to overtime compensation based upon the assertion they were employees of Defendants and worked over forty hours during unidentified workweeks.  There is no basis for Plaintiffs' boilerplate objections.  "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court."  *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-39GJK, 2011 U.S. Dist. LEXIS 151474, *9, (M.D. Fla. Dec. 7, 2011) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691 (S.D. Fla. 2007) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the [discovery requested] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [the request].")).  The party objecting to the discovery request has the burden to explain, with specificity, why the request is unduly burdensome, vague, or overly broad.  *Id.*  Here, Plaintiffs do not satisfy their burden explaining why the interrogatory is overbroad or vague.

Although the definition of "You" and "Yours" is not overbroad and does not implicate privacy rights of third parties, for Interrogatory no. 1, Defendants will narrow the definition of "You" and

www.fordharrison.com | www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

"Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC, and his/her counsel as to responsive "facts" and relevant documents that are not protected under the attorney client privilege and work product doctrine. As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identify each such document on a privilege log and provide to Defendants.

Moreover, Plaintiffs' responses are non-responsive and ambiguous. Plaintiffs ignore the request for "all facts" that support their claims and respond to only a portion of the interrogatory by stating solely that they are "not able to reasonable identify the documents or category of documents sought through this request." Defendants are entitled to clarification and a complete response that includes the requested supporting facts. *See Ree v. Royal Caribbean Cruises Ltd.*, 315 F.R.D. 682, 688 (S.D. Fla. 2016) (noting ambiguous responses are improper "because they leave a requesting party in doubt as to what may be left at issue"); *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 6:06-CV-1703-Orl-19JGG 2007 U.S. Dist. LEXIS 29626, *15 (M.D. Fla. Apr. 23, 2007) (stating, if a party "believes it has fully responded to the discovery requests, it should provide responses which clearly state that it has no additional information or documents responsive to those requests"). Either Plaintiffs are aware of facts supporting their claims, which they failed to provide in their responses, or they do not have facts supporting their claim, which they fail to disclose as well.

Finally, Plaintiffs' assertion that responsive information is within Defendants' possession is not a valid objection. *See Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-Ftm-36SPC 2011 U.S. Dist. LEXIS 96501, *11, (M.D. Fla. Aug. 8, 2011) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (recognizing, "Courts have unambiguously stated that this exact objection is insufficient to resist a discovery request"); *City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) (finding it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.").

Accordingly, Plaintiffs must withdraw their objections and answer interrogatory no. 1.

**INTERROGATORY NO. 3:** "Identify each person known to You to have knowledge, information, or documents or You believe to have knowledge, information, or documents that may support Your claim in this Action that You were an employee of [Defendants][sic], not an independent contractor, and describe the subject matter and nature of each person's knowledge, information, or documents or believed knowledge, information or documents."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to this Request on the grounds that it is overbroad and unduly burdensome in asking to identify all persons who may have knowledge regarding the amount of hours Plaintiff worked during any workweek spanning three years from the date of filing of the complaint. All-encompassing interrogatories such as this, which require the plaintiff to identify every potential witness, have been held to be overly broad and not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Tawreed Companies Representation v. ISO Group, Inc.*, No.

Avi Moshenberg, Esq.
**January 10, 2020**

6:11-cv-144-Orl-35GJK, 2011 WL 13298825, at *4–5 (M.D. Fla. 2011). Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same). Lastly, Plaintiff objects to this Request on the grounds that it seeks identification of witnesses, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome.

Subject to and without waiving the forgoing objections, Plaintiff expects to discover and identify additional witnesses throughout the course of discovery. Plaintiff also believes the persons identified in response to Interrogatory 2 may have knowledge, information, or documents that may support Plaintiff's claim for unpaid overtime wages."

**THIS RESPONSE TO INTERROGATORY NO. 3 IS DEFICIENT:** In response to Interrogatory no. 3, Plaintiffs refer Defendants to their response to Interrogatory no. 2, which concerns persons who may have knowledge, information, or documents that support Plaintiffs' unpaid overtime wage claim, which is not responsive to Interrogatory no. 3.  Specifically, Interrogatory no. 3 seeks different information:  individuals who have knowledge, information, or documents that support Plaintiffs' claims they were Defendants' employee.  Accordingly, Plaintiffs' answer is not responsive.

Moreover, as discussed above, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq*, 2011 U.S. Dist. LEXIS 151474 at *9.  Plaintiffs have not satisfied their burden explaining with specificity, why the request is unduly burdensome, vague, or overly broad.  *Id.*

Finally, as addressed above, Plaintiffs' assertion that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.

Accordingly, Plaintiffs must withdraw their objections and answer interrogatory no. 3.

**INTERROGATORY NO. 4:**  "Identify any persons, other than those identified in response to Interrogatory Nos. 2 and 3 who may have information or documents relevant to any of Your claims against each Defendant in this Action and describe the nature of such information and documents."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each person or category of persons to be identified—i.e., "Identify any persons, other than those identified in response to Interrogatory Nos. 2 and 3 who may have information or documents relevant to any of Your claims against each Defendant in this Action and describe

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

the nature of all information and all documents." Plaintiff also objects on the grounds that all-encompassing requests such as this one have been held to be overbroad and unduly burdensome on their face. *See Tawreed Companies Representation v. ISO Group, Inc.*, No. 6:11-cv-144-Orl-35GJK, 2011 WL 13298825, at *4–5 (M.D. Fla. 2011); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) ("Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action. To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money."). "[T]he discovery rules do not permit the appellants to go on a fishing expedition," *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006), which Defendants have clearly undertaken here by Requesting the identity of "any persons, other than those identified in response to Interrogatory Nos. 2 and 3.

Subject to and without waiving the forgoing objections, if this request is not meant to be duplicative of prior requests, Plaintiff is not able to reasonably identify the persons or category of persons sought through this request. Plaintiff is not intentionally limiting [his/her] response to this interrogatory on the basis of these objections."

**THIS RESPONSE TO INTERROGATORY NO. 4 IS DEFICIENT:**  Contrary to Plaintiffs' assertion, the interrogatory is neither vague nor ambiguous, and seeks information with reasonable particularity.  Indeed, it simply requests Plaintiffs to identify persons who may have information or documents relevant to any of Plaintiffs' claims in this lawsuit.  As Plaintiffs know, their claims include both allegations that they are entitled to overtime payments and that they were employees of Defendants.

Further, as discussed above, Plaintiffs' boilerplate objections have no merit.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs have not explained with any specificity why interrogatory no. 4 is unduly burdensome, vague, or overly broad.

Moreover, Plaintiffs' response is vague, ambiguous, and confusing.  Plaintiffs' do not state they are either aware or not of any person with information or documents relevant to their claims.  Instead, Plaintiffs merely state they are "not able to reasonable identify the person or category of persons sought through this request."  Defendants, therefore, are entitled to clarification.  *See Ree,* 315 F.R.D. at 688; *Horowitch,* 2007 U.S. Dist. LEXIS 29626, at *15.  Plaintiffs must clarify their response by stating either they are aware of such persons or they are not aware of persons who may have information or documents relevant to any of Plaintiffs' claims in this lawsuit.

Accordingly, Plaintiffs must withdraw their objections and answer interrogatory no. 4.

**INTERROGATORY NO. 5:**  "Identify each former or current Agent or Agency Manager of Defendants with whom You have communicated or corresponded regarding any fact, matter, issue, or allegation relating to this Action.  For each person identified, describe in detail the subject matter of each communication, date of each [sic] communication, and documents concerning each communication."

Avi Moshenberg, Esq.
**January 10, 2020**

**RESPONSE:**  "Plaintiff objects to this request because it is unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in that "any fact, matter, issue, or allegation relating to this Action" could potentially encompass any subject matter of any communication with all former or current Agents or Agency Managers of Defendants with whom Plaintiff has ever had contact. Such all-encompassing requests have been held to be overbroad and unduly burdensome on their face. *See Tawreed Companies Representation v. ISO Group, Inc.*, No. 6:11-cv-144-Orl-35GJK, 2011 WL 13298825, at *4–5 (M.D. Fla. 2011); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) ("Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action. To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money."). Lastly, Plaintiff objects that this Request is vague and ambiguous and does not describe with reasonable particularity each person or category of persons to be identified—i.e., "regarding any fact, matter, issue, or allegation relating to this Action" would potentially encompass an unlimited category of communications.

Subject to and without waiving the forgoing objections, Plaintiff is not able to reasonably identify the persons or category of persons sought through this request."

**THIS RESPONSE TO INTERROGATORY NO. 5 IS DEFICIENT:**  Despite Plaintiffs' protestations, the interrogatory is limited to communications or correspondence related to this lawsuit.  Thus, Plaintiffs' assertion this encompasses any communication Plaintiffs have ever had with current or former Agents or Agency Managers is inaccurate.

Further, "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." *Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs have not explained with any degree of specificity why interrogatory no. 5 is unduly burdensome, vague, or overly broad.  *Id.*

Finally, Plaintiffs' responses are vague, ambiguous, and confusing.  Plaintiffs' do not respond they are aware of any individual responsive to Interrogatory no. 5 and they do not state they are unaware of any individual responsive to the interrogatory.  Rather, Plaintiffs merely and vaguely state they are "not able to reasonable identify the person or category of persons sought through this request." Defendants, therefore, are entitled to clarification.  *See Ree,* 315 F.R.D. at 688; *Horowitch,* 2007 U.S. Dist. LEXIS 29626, at *15.

Accordingly, Plaintiffs must withdraw their objections and answer interrogatory no. 5.

**INTERROGATORY NO. 6:**  "Identify separately for each named Defendant in this Action the dates of (a) the workweeks during which You contend You worked in excess of forty hours for each Defendant and (b) the workweeks during which You did not work in excess of forty hours for each Defendant in the three years preceding the termination of Your Agent contracts with the Defendants."

**RESPONSE:**  "To the extent that this request seeks identification of "[h]ours worked each workday and total hours worked each workweek" by Plaintiff, 29 C.F.R. § 516.2(a)(7), Plaintiff

Avi Moshenberg, Esq.
**January 10, 2020**

objects to this Request on the grounds that it essentially seeks records or other evidence more easily available to—if not available *only* to—Defendants, and is therefore overbroad, oppressive, and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a). "[A]n employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Oliva v. Infinite Energy Inc.*, No. 1:11–cv–00232–MP–GRJ, 2012 WL 11868265, at *9 (N.D. Fla. 2012) (quoting another source); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff worked on average 50 to 60 hours every workweek to the best of [his/her] recollection while employed by Defendants. Plaintiff is not able to reasonably identify the dates sought in this request with any greater degree of specificity based upon the documents available to [his/her]. Plaintiff may supplement the answer to this interrogatory as discovery progresses."

<u>**THIS RESPONSE TO INTERROGATORY NO. 6 IS DEFICIENT:**</u>  Plaintiffs' assertion that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.  If Plaintiffs do not know the workweeks in which they are claiming to have worked in excess of forty hours for Defendants, they are required to state as such.

Accordingly, Plaintiffs must withdraw their objections and answer Interrogatory no. 6.

<u>**INTERROGATORY NO. 7:**</u>  "Identify all dates and times when You did not work for any of the named Defendants in the three years preceding the termination of Your Agent contracts with any of the Defendants, including but not limited to all vacations, illnesses, 'days off,' and personal or medical appointments, and identify all documents supporting Your response to this interrogatory."

<u>**RESPONSE:**</u>  "To the extent that this request seeks identification of "[h]ours worked each workday and total hours worked each workweek" by Plaintiff, 29 C.F.R. § 516.2(a)(7), Plaintiff objects to this Request on the grounds that it essentially seeks records or other evidence more easily available to—if not available *only* to—Defendants, and is therefore overbroad, oppressive, and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a). "[A]n employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Oliva v. Infinite Energy Inc.*, No. 1:11–cv–00232–MP–GRJ, 2012 WL 11868265, at *9 (N.D. Fla. 2012) (quoting another source); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves" (emphasis added).

www.fordharrison.com | www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Subject to and without waiving the forgoing objections, Plaintiff does not recall specific instances in which she did not work for Defendants in the previous three years. Plaintiff may supplement the answer to this interrogatory as discovery progresses."

**THIS RESPONSE TO INTERROGATORY NO. 7 IS DEFICIENT:**  First, Plaintiffs' response is false.  For instance, each Plaintiff and Opt-in Plaintiff engaged in work soliciting, selling, and/or servicing insurance policies or products issued or written by a company other than Defendants.

Second, as discussed above, Plaintiffs' assertion that responsive information is within Defendants' possession is an improper objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.  Further, Plaintiffs, not Defendants, are in possession of documents concerning Plaintiffs' other work concerning the brokerage products and any other outside work or business in which Plaintiffs were engaged not associated with Defendants.

Third, Plaintiffs' response is vague, ambiguous, and confusing.  Plaintiffs allege they worked every day for Defendants in the three years preceding the filings of their Complaint.  This response, however, is false because none of the Plaintiffs was employed as of the date the Complaint was filed.  *See Ree,* 315 F.R.D. at 688; *Horowitch,* 2007 U.S. Dist. LEXIS 29626, at *15.

Accordingly, Plaintiffs must withdraw their objections and answer Interrogatory no. 7.

**INTERROGATORY NO. 11:**  "For each workweek for which You are seeking overtime pay in this Action, state the number of hours You spent (a) servicing any insurance policy or product issued or written by any company other than the Defendant; (b) soliciting or effecting new sales of insurance policies or products issued or written by any company other than the Defendant; and (c) on any other work relating to policies or products issued or written by any company other than the Defendant. If any of Your time was spent on 'other work,' please describe the nature of the other work, the dates you spent on the other work, and documents concerning the "other work" described in response to this interrogatory."

**RESPONSE:** "To the extent that this request seeks a description of the "[h]ours worked each workday and total hours worked each workweek" by Plaintiff, 29 C.F.R. § 516.2(a)(7), on "any insurance policy or product issued or written by any company other than the Defendants," Plaintiff objects to this Request on the grounds that it seeks information, documents or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a). "[A]n employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Oliva v. Infinite Energy Inc.*, No. 1:11–cv–00232–MP–GRJ, 2012 WL 11868265, at *9 (N.D. Fla. 2012) (quoting another source); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know

Avi Moshenberg, Esq.
**January 10, 2020**

and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added). Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

To the extent that this Request seeks identification of the number of hours Plaintiff spent on "any other work relating to policies or products issued or written by any company other than the Defendants," Plaintiff also objects that this Request is overbroad as well as vague and ambiguous as it does not describe with reasonable particularity each category of "other work" to be identified, even asking within the Request itself that Plaintiff "describe the nature of the other work."

Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff worked on average 50 to 60 hours every workweek to the best of her recollection while employed by Defendants. Plaintiff is not able to reasonably identify the specific number of hours sought in this request with any greater degree of specificity based upon the documents available to [his/her]. Plaintiff may supplement the answer to this interrogatory as discovery progresses."

**THIS RESPONSE TO INTERROGATORY NO. 11 IS DEFICIENT:** Contrary to Plaintiffs' assertion, the reference to "other work" is not vague or ambiguous; "other work" is essentially defined in the interrogatory to include work soliciting, selling, and/or servicing insurance policies or products issued or written by a company other than Defendants, and also includes any other work performed or services provided by Plaintiffs for persons or entities other than Defendants.

Moreover, Plaintiffs' assertion that responsive information is within Defendants' possession is not a valid objection. *See Pepperwood of Naples Condo. Ass'n*, U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.*, 198 F.R.D. at *514; *City Consumer Services*, 100 F.R.D. at 747. Further, Plaintiffs, not Defendants, are in possession of documents concerning Plaintiffs' "other work." Also, if Plaintiffs do not know the workweeks in which they are claiming to have worked in excess of forty hours for Defendants, they are required to state as such.

Lastly, Plaintiffs' response is vague, ambiguous, and confusing. Plaintiffs allege they worked every day for Defendants in the three years preceding the filings of their Complaint. This response however, is blatantly false as none of the Plaintiffs was employed as of the date the Complaint was filed. *See Ree*, 315 F.R.D. at 688; *Horowitch*, 2007 U.S. Dist. LEXIS 29626, at *15.

Therefore, Plaintiffs are required to clarify their response to Interrogatory no. 11.

**INTERROGATORY NO. 13:** "Itemize (by category and amount) the damages You seek to recover in this Action for each workweek for which You contend You are owed overtime. For each such workweek calculation, provide the following information:

Avi Moshenberg, Esq.
**January 10, 2020**

       (a)     the regular rate of pay You contend applies to each workweek;

       (b)     how You arrived at Your regular rate of pay;

       (c)     the regular and overtime hours You claim You worked in each workweek on [sic] behalf of each named Defendant;

       (d)     [sic] the amount of compensation You received from each named Defendant for each workweek;

       (e)     the amount of compensation You contend You should have received from each named Defendant for each workweek;

       (f)     how You arrived at the specific calculation of claimed overtime compensation in each workweek; and

       (g)     identify all documents that support Your claim that You worked in excess of 40 hours per week in each workweek."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

To the extent that this Request asks Plaintiff to "identify all documents that support [Plaintiff's] claim that You worked in excess of 40 hours per week in each workweek," Plaintiff objects to this Request as vague and ambiguous, and therefore overbroad and unduly burdensome, as it does not describe or identify with reasonable particularity the category "documents" sought. Furthermore, to the extent that those "documents that support [Plaintiff's] claim" for underpaid overtime wages contain irrelevant or private information, Plaintiff objects to this Request on the grounds that it potentially implicates privacy rights of both the Plaintiff and third parties by requesting the identification of documents related to other persons' participation in this Action. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff further objects to this request on the grounds that it is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Subject to and without waiving the forgoing objections, Plaintiff will supplement her response to this Request as additional information becomes available over the course of discovery. Plaintiff expects to support her own testimony related to overtime through documentation maintained by

Avi Moshenberg, Esq.
**January 10, 2020**

Defendants but which is not currently in her possession, including her email and outlook calendar files, as well as any and all available production reporting. Plaintiff may supplement the answer to this interrogatory as discovery progresses."

**THIS RESPONSE TO INTERROGATORY NO. 13 IS DEFICIENT**:  The interrogatory simply requests Plaintiffs to provide specific types of information related to the damages they seek to recover in the matter, as well as information about how they calculated such damages.  This information is relevant and falls within the scope of permissible discovery.

Moreover, "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." *Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  The party objecting to the discovery request has the burden to explain, with specificity, why the request is unduly burdensome, vague, or overly broad. *Id.*

Further, although Plaintiffs' objection to the definition of "You" and "Yours" has no merit, for Interrogatory no. 13 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC, and his/her counsel as to responsive "facts" and relevant documents that are not protected under the attorney client privilege and work product doctrine.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and answer Interrogatory no. 13.

## II.    REQUEST FOR PRODUCTION OF DOCUMENTS

Below we address separately the requests for production of documents we served, Plaintiffs' responses, and our position as to the deficiency of the responses.

**REQUEST NO 1:**  "All documents or communications that discuss, refer, or relate to the filing of this Action, Your decision to participate in this Action, and/or the decision of any other person to participate in this Action (excluding communications between You and Your counsel)."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All documents or communications that discuss, refer, or relate to" the filing or any person's participation in this Action. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, and oppressive, potentially implicates privacy rights of third parties by requesting documents and communications related to other persons' participation in this Action. Lastly, Plaintiff objects to this request on the grounds that it is harassing in defining "You" and "Your" to include not only Dianna Yoder but also her "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on her behalf or pursuant to her direction or control."

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff is not able to reasonably identify the documents or category of documents sought through this request. Plaintiff has no relevant, responsive, non-privileged documents in her possession custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents."

**THIS RESPONSE TO REQUEST NO. 1 IS DEFICIENT:**  Contrary to Plaintiffs' assertion, the request is neither vague nor ambiguous, and seeks information with reasonable particularity. Indeed, the request seeks documents regarding Plaintiffs' filing of the Action, his/her decision to do so, and any other person who participated in the Action, which is relevant and falls within the scope of permissible discovery. Specifically excluded from the request are communications with counsel.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Further, there is no basis for Plaintiffs' boilerplate objections. "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court."  *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 U.S. Dist. LEXIS 151474, *9, (M.D. Fla. Dec. 7, 2011) (quoting *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691 (S.D. Fla. 2007) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the [discovery requested] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [the request].")).  The party objecting to the discovery request has the burden to explain, with specificity, why the request is unduly burdensome, vague, or overly broad.  *Id.* Plaintiffs have failed to satisfy their obligation.

Lastly, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 1 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC, and his/her counsel as to responsive documents that are not protected under the attorney client privilege and work product doctrine.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 1.

**REQUEST NO. 2:**  "All emails or other communications (including but not limited to communications via social media) between You and any other former or current insurance Agents or Agency Managers for any Defendant concerning this Action or relating to the claims or allegations in the Action (including but not limited to joining this Action as a plaintiff)."

**RESPONSE:**  "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore,

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action themselves, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected (i.e., "concerning this Action or relating to the claims or allegations in the Action"). Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff is not able to reasonably identify the documents or category of documents sought through this request. Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents."

**THIS RESPONSE TO REQUEST NO. 2 IS DEFICIENT:**  Contrary to Plaintiffs' assertion, the request is neither vague nor ambiguous, and seeks information with reasonable particularity, which is relevant and falls within the scope of permissible discovery.  Indeed, the request seeks documents regarding Plaintiffs' communications with any current or former Agents or Agency Manager of Defendants concerning this Action or any claims relating to Plaintiffs' claims that they are Defendants' employees who are entitled to overtime payments.  Specifically excluded from the request are communications with counsel.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover and contrary to their assertions, there is no basis for Plaintiffs' boilerplate and meaningless objections.  *See Siddiq*, 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 2 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC, and his/her counsel as to responsive documents that are not protected under the attorney client privilege and work product doctrine.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 2.

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

**REQUEST NO. 3:** "All documents that discuss, refer, or relate to the commissions, benefits, compensation, or other payments You received from any of the Defendants."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, to the extent that this request seeks production of records containing the "[r]egular hourly rate of pay for any workweek in which overtime compensation is due" to Plaintiff, including the "basis of pay" and the "amount and nature of each payment," 29 C.F.R. § 516.2(a)(6), Plaintiff objects to this Request on the grounds that it seeks identification of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a). "[A]n employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Oliva v. Infinite Energy Inc.*, No. 1:11–cv–00232–MP–GRJ, 2012 WL 11868265, at *9 (N.D. Fla. 2012) (quoting another source); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All documents that discuss, refer, or relate to the commissions, benefits, compensation, or other payments" received from any of the Defendants would potentially encompass a wide variety of both relevant and irrelevant documents, making it impossible to answer with any specificity. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to her direction or control."

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 3 IS DEFICIENT:**  The documents sought in Request no. 3 are relevant and falls within the scope of permissible discovery.  Plaintiffs' assertion that responsive information is within Defendants' possession is not well taken, as it is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-cv-753-Ftm-36SPC 2011 U.S. Dist. LEXIS 96501, *11, (M.D. Fla. Aug. 8, 2011) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("Courts have unambiguously stated that this exact objection is insufficient to resist a discovery request"); *City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) (finding it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.").  If Plaintiffs cannot itemize their damages, they must state that they cannot do so.

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs have not and cannot, but must, explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 3 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 3.

**REQUEST NO. 4:**  "All documents that reflect commissions, compensation, earnings, income, or benefits that You received for work performed for any person, company, business, or entity other than the Defendants, from farming or agricultural activities, in a self-employed capacity, or otherwise during the period of time that You were under contract with any Defendant."

**RESPONSE: "**Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited by time. Plaintiff will produce all relevant, responsive, non-privileged documents in her possession, custody, or control for the time period in which she seeks overtime compensation."

**THIS RESPONSE TO REQUEST NO. 4 IS DEFICIENT:**  There is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  As discussed above, Plaintiffs have the burden but failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

As follows, the documents requested are relevant and Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 4.

**REQUEST NO. 6:** "All documents reflecting commissions, compensation, or other income earned or received by You for the sale or service of any insurance product issued or written by any company other than Florida Casualty, Florida General, or Southern Casualty during the period of time that You were under contract with Defendants."

**RESPONSE: "**Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited by time. Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control for the time period in which she seeks overtime compensation."

**THIS RESPONSE TO REQUEST NO. 6 IS DEFICIENT:**  There is no basis for Plaintiffs' meaningless, boilerplate objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad. *Id.*

Accordingly, the documents requested are relevant and Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 6.

**REQUEST NO. 8**: "All documents reflecting any individual and/or corporate IRAs, Solo Ks, Keogh accounts, or other retirement plans for which You are an owner or participant."

**RESPONSE:** "To the extent this request would implicate the production of Plaintiff's financial records and/or tax returns, Plaintiff objects to the production of those documents on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff is withholding production of responsive documents to the extent tax documents may contain responsive material. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of any other objections."

**THIS RESPONSE TO REQUEST NO. 8 IS DEFICIENT:** "The Eleventh Circuit does not require a showing of compelling need before tax information may be obtained by a party in discovery." *Kelly v. Davis*, No. 3:10cv392/MCR/EMT, 2012 U.S. Dist. LEXIS 192519, *13 (N.D. Fla. Sept. 19, 2012) (citing *Maddow v. P&G*, 107 F.3d 846 (11th Cir. 1997)). The Northern District of Florida has quoted *United States v. Certain Real Property*, F. Supp. 2d 1258, 1264 (S.D. Fla. 2006) with approval that "while this Court recognizes the large amount of case law requiring that a compelling need be shown prior to ordering tax returns, this Court also notes that in *Maddow,* the Eleventh Circuit was squarely presented with such issue and declined to adopt the higher standard." *Id.* at *14. Thus, Plaintiffs' tax and financial records are relevant to their claims.

Moreover, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 8 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC.

Lastly, although the temporal scope of Request no. 8 is proper, for purposes of this request only, Defendants will revise the temporal scope of Request no.8 for each Plaintiff and Opt-in Plaintiff to the years where each Plaintiff and Opt-in Plaintiff entered into an agent contract with any of the Defendants.

www.fordharrison.com | www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 8.

**REQUEST NO. 9:** "All documents reflecting any payments made by You for advertising, marketing, or sponsorships relating to the sale or service of insurance products on behalf of any of the Defendants."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request on the grounds that it seeks identification of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects to this Request on the ground it is vague, ambiguous, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff further objects that the request is overly broad, indefinite as to time and without reasonable limitation in its scope.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 9 IS DEFICIENT:** Whether Plaintiffs made any payments related to advertising, marketing, and/or sponsorship relating to the sale of insurance products on behalf of Defendants is directly relevant to Plaintiffs' claims that they were Defendants' employees.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Additionally, Plaintiffs' assertion that responsive information is within Defendants' possession is not well taken, as it is not a valid objection. *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747. More importantly, Defendants are not in possession, custody, or control of all the documents that may exist responsive to Request no. 9.

Avi Moshenberg, Esq.
**January 10, 2020**

Moreover and contrary to their assertions, there is no basis for Plaintiffs' boilerplate and meaningless objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad. *Id.*

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 9 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC. As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 9.

**REQUEST NO. 10:** "All documents reflecting any communications You had with any of the Defendants relating to advertising, marketing, or sponsorship payments."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request on the grounds that it seeks identification of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects to this Request on the ground it is vague, ambiguous, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff further objects that the request is overly broad, indefinite as to time and without reasonable limitation in its scope.

Plaintiff has no relevant, responsive, non-privileged documents in her possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

Avi Moshenberg, Esq.
**January 10, 2020**

**THIS RESPONSE TO REQUEST NO. 10 IS DEFICIENT:**   Whether Plaintiffs had any communications with Defendants related to advertising, marketing, and/or sponsorship relating to the sale of insurance products on behalf of Defendants is directly relevant to Plaintiffs' claims that they were Defendants' employees.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Further, Plaintiffs' assertion that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.

Moreover there is no basis for Plaintiffs' boilerplate and meaningless objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Additionally, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 10 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 10.

**REQUEST NO. 11:** "Complete copies of Your federal income tax returns for 2014 through the present, along with any and all schedules, attachments, and documents reflecting earnings or income, including but not limited to any 1099 or W-2 statements You received in those tax years."

**RESPONSE:** "Plaintiff objects to the production of her tax returns on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.,* 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering,* 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff is withholding production of requested documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 11 IS DEFICIENT:**   Plaintiffs' tax and financial records are relevant to their claims, Request no. 11 is limited to the relevant temporal scope, and

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiffs' objections are baseless. "The Eleventh Circuit does not require a showing of compelling need before tax information may be obtained by a party in discovery." *Kelly v. Davis*, No. 3:10cv392/MCR/EMT, 2012 U.S. Dist. LEXIS 192519, *13 (N.D. Fla. Sept. 19, 2012) (citing *Maddow v. P&G*, 107 F.3d 846 (11th Cir. 1997)). The Northern District of Florida has quoted *United States v. Certain Real Property*, F. Supp. 2d 1258, 1264 (S.D. Fla. 2006) with approval that "while this Court recognizes the large amount of case law requiring that a compelling need be shown prior to ordering tax returns, this Court also notes that in *Maddow*, the Eleventh Circuit was squarely presented with such issue and declined to adopt the higher standard." *Id.* at *14.

Moreover, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 11 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC. As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Additionally, although the temporal scope of Request no. 11 is proper, for purposes of this request only, Defendants will revise the temporal scope of Request no.11 for each Plaintiff and Opt-in Plaintiff to the years where each Plaintiff and Opt-in Plaintiff entered into an agent contract with any of the Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 11.

**REQUEST NO. 12:** "All communications between You and the Internal Revenue Service between 2014 and the present."

**RESPONSE:** "Plaintiffs objects to this request as an invasion of Plaintiff's privacy and irrelevant to the subject matter of this Action in that it seeks disclosure of personal and private information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff objects to the production of communications between [his/her] and the IRS on the ground that it would implicate the production of "highly sensitive documents" such as tax returns which "courts should be reluctant to order [disclosure of] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague and ambiguous in not defining "communications," overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff is not able to reasonably identify the documents or category of documents sought through this request.

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 12 IS DEFICIENT:**  Information sought in Request no. 12 is relevant to Plaintiffs' claims.  Defendants are not required to show a compelling need before tax information may be discoverable by a party.  *Kelly,* 2012 U.S. Dist. LEXIS 192519, at *13 (citing *Maddow v. P&G*, 107 F.3d 846 (11th Cir. 1997)); *see also Certain Real Property*, F. Supp. 2d at 1264 (S.D. Fla. 2006).

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 12 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Additionally, although the temporal scope of Request no. 12 is proper, for purposes of this request only, Defendants will revise the temporal scope of Request no.12 for each Plaintiff and Opt-in Plaintiff to the years where each Plaintiff and Opt-in Plaintiff entered into an agent contract with any of the Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 12.

**REQUEST NO. 13:** "All documents reflecting the support or back-up for any tax deductions made on Your federal income tax returns for 2014 through the present relating to work for any of the Defendants including, but not limited to, deductions or claims for (i) car or truck related expenses, (ii) payments for health, life, E&O, or other insurance, (iii) payments for telephone and communication services used while performing work for Defendants, (iv) any other business expenses relating to work for the Defendants in this Action such as travel expenses, meal and entertainment expenses, fees or dues for business-related clubs, trade organizations, or publications, costs for any continuing education or training, accounting expenses, fees to maintain insurance licenses or appointments, advertising, sponsorship, or marketing expenses, and employee or assistant expenses."

**RESPONSE:** "Plaintiff objects to the production of her financial statements/records and tax returns on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also

Avi Moshenberg, Esq.
**January 10, 2020**

[his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff is withholding production of requested documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 13 IS DEFICIENT:** Plaintiffs' tax and financial records are relevant to their claims. "The Eleventh Circuit does not require a showing of compelling need before tax information may be obtained by a party in discovery." *Kelly,* 2012 U.S. Dist. LEXIS 192519 at *13 (citing *Maddow v. P&G*, 107 F.3d 846 (11th Cir. 1997)). The Northern District of Florida in *Kelly* quoted *United States v. Certain Real Property*, F. Supp. 2d 1258, 1264 (S.D. Fla. 2006) with approval that "while this Court recognizes the large amount of case law requiring that a compelling need be shown prior to ordering tax returns, this Court also notes that in *Maddow,* the Eleventh Circuit was squarely presented with such issue and declined to adopt the higher standard." *Id.* at *14.

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 13 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC. As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Additionally, although the temporal scope of Request no. 13 is proper, for purposes of this request only, Defendants will revise the temporal scope of Request no.13 for each Plaintiff and Opt-in Plaintiff to the years where each Plaintiff and Opt-in Plaintiff entered into an agent contract with any of the Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 13.

**REQUEST NO. 14:** "All documents reflecting any payments made by You in the three years preceding the termination of Your Agent contracts with any of the Defendants for any business expenses and investments, such as personal or business-related equipment (including but not limited to computers, iPads, laptops, and tablets) used in connection with your work for any of the Defendants."

**RESPONSE:** "Plaintiff objects to this Request on the ground it is unduly burdensome, overbroad, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected— i.e., "*any* payments made . . . for *any* business expenses and investments . . . used in connection with [Plaintiff's] work for any of the Defendants."

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 14 IS DEFICIENT:**  There is no basis for Plaintiffs' boilerplate, meaningless objections.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 14.

**REQUEST NO. 15:** "All documents reflecting any payments made by You to any employee, independent contractor (including but not limited to Agency Managers), or other person in connection with work You performed for any Defendant in this Action."

**RESPONSE:** "Plaintiff objects to this Request on the ground it is unduly burdensome, overbroad, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected— i.e., "any payments made by [Plaintiff] to any employee, independent contractor, (including but not limited to Agency Managers) or other person."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 15 IS DEFICIENT:**  There is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs must but failed to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 15.

**REQUEST NO. 16:**  "All documents reflecting quarterly self-employment tax payments You made or that were made on Your behalf relating to work done for any of the Defendants."

**RESPONSE:** "Plaintiff objects to the production of [his/her] financial statements/records and tax returns on the ground they are "highly sensitive documents" and "courts should be reluctant to order [their disclosure] during discovery." *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. 2005) (citing *Natural Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993)). Plaintiff further objects that this Request is overbroad in temporal scope and seeks

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

irrelevant information. Plaintiff also objects to this Request on the ground it is vague, ambiguous, overbroad, unduly burdensome and oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff is withholding production of requested documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 16 IS DEFICIENT:**  Plaintiffs' tax and financial records are relevant to their claims. "The Eleventh Circuit does not require a showing of compelling need before tax information may be obtained by a party in discovery." *Kelly,* 2012 U.S. Dist. LEXIS 192519 at *13 (citing *Maddow v. P&G*, 107 F.3d 846 (11th Cir. 1997)). The Northern District of Florida in *Kelly* quoted *United States v. Certain Real Property*, F. Supp. 2d 1258, 1264 (S.D. Fla. 2006) with approval that "while this Court recognizes the large amount of case law requiring that a compelling need be shown prior to ordering tax returns, this Court also notes that in *Maddow,* the Eleventh Circuit was squarely presented with such issue and declined to adopt the higher standard." *Id.* at *14.

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 16 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff, and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 16.

**REQUEST NO. 17:** "All personnel, contract, or other files (including, but not limited to, performance evaluations) maintained on any employee, independent contractor, or person whom You supervised or evaluated in the three years preceding the termination of Your Agent contracts with any of the Defendants."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request on the grounds that it seeks production of documents or other evidence more easily available to—if not available *only* to—Defendants, and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the

Avi Moshenberg, Esq.
**January 10, 2020**

nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff also objects to this Request on the ground it is unduly burdensome, overbroad, oppressive, potentially implicates privacy rights of third parties, and harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All personnel, contract, *or other files*."

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 17 IS DEFICIENT:**   Plaintiffs' assertion that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.  Further, contrary to Plaintiffs' assertions, Defendants are not in possession, custody, or control of all responsive documents sought in Request no. 17.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Additionally, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 17 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 17.

**REQUEST NO. 18:** "All documents reflecting and relating to Your application for an Agent position with any of the Defendants, including (but not limited to) any and all communications with any of the Defendants related to such application."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it is irrelevant and seeks the production of documents and communications unrelated to supporting the claims or defenses

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it seeks documents that are available to all parties equally—if not available *only* to Defendants—and is therefore oppressive and unduly burdensome. *See* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "All documents reflecting and *relating to* [Plaintiff's] application for an Agent position," which would technically include a multitude of documents irrelevant to the claims asserted in this Action, such as a social security card or driver's license.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

**THIS RESPONSE TO REQUEST NO. 18 IS DEFICIENT:** The documents sought in Request no. 18 concerning Plaintiffs' applications for an Agent position with any of the Defendants are relevant to Plaintiffs' claims and falls within the scope of permissible discovery.

Further, Plaintiffs' objection that responsive information is within Defendants' possession is not a valid objection. *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747. Even so, Defendants are not in possession, custody, or control of all the documents that may exist responsive to Request no. 18.

Moreover, Plaintiffs' boilerplate objections are meaningless and without merit because Plaintiffs have not and cannot explain why Request no. 18 is unduly burdensome, vague, or overly broad. *Id.* Plaintiffs have failed to satisfy their obligation. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.

Additionally, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 18 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC. Also, Defendants narrow Request no. 18 to exclude plaintiffs' social security cards and driver licenses.

Avi Moshenberg, Esq.
**January 10, 2020**

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 18.

**REQUEST NO. 19:** "All documents relating to complaints by policyholders, customers, other Agents, Agency Managers, any Defendant, State of Florida, employees, members or leaders of any County Farm Bureau, or any other persons relating to You."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks production of documents that are both irrelevant to the claims asserted in this Action and protected from discovery by the attorney-client privilege and/or attorney work product doctrine. The question is impermissibly overbroad and is unlimited as to time and scope, and is therefore oppressive, burdensome, and irrelevant to the subject matter of this Action in that it seeks production of documents and information intended solely to harass, embarrass, and cause undue burden.

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—e.g., "All documents *relating* to complaints by policyholders [or] customers" would technically encompass a wide variety documents that are both relevant and irrelevant to the claims asserted in this Action, such as individual policyholder contracts which would technically *relate* to a complaint, if any. Furthermore, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 19 IS DEFICIENT:**  The documents sought in Request no. 19 that concern complaints against Plaintiffs are relevant to the claims and defenses in this lawsuit, are calculated to lead to the discovery of admissible evidence and, thus, fall within the scope of permissible discovery.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate and meaningless objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Additionally, although the temporal scope of Request no. 19 is proper, for purposes of this request only, Defendants will revise the temporal scope of Request no.19 for each Plaintiff and Opt-in Plaintiff to the years where each Plaintiff and Opt-in Plaintiff entered into an agent contract with any of the Defendants.

Avi Moshenberg, Esq.
**January 10, 2020**

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 19 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identify each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce responsive documents to Request no. 19.

**REQUEST NO. 20:** "All documents relating to any local, state, or federal licenses You hold or held relating to the sale and servicing of insurance products, including (but not limited to) any documents relating to the payment of fees, dues, or other expenses associated with those licenses."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it seeks information that is irrelevant to the claims asserted in this Action. Furthermore, Plaintiff objects to this Request to the extent that it seeks the production of documents related to any local, state, or federal licenses held by Plaintiff during [his/her] employment with Defendant entities, on the grounds that the records sought are more easily available to Defendants seeing as it is the duty of the *employer* to maintain records and possession of these same documents (or at least copies thereof). *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added); *see also* FED. R. CIV. PRO. 26(b)(1) (directing courts to consider "the parties' relative access to relevant information" in determining the scope of discovery).

Plaintiff further objects to this Request on the ground it is overbroad and unlimited in temporal scope, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 20 IS DEFICIENT:**  The documents sought in Request no. 20 that concern Plaintiffs' insurance licenses are relevant to the claims and defenses in this lawsuit, are calculated to lead to the discovery of admissible evidence and, thus, fall within the scope of permissible discovery.

Further, Plaintiffs' objection that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; St. *Paul*

Avi Moshenberg, Esq.
**January 10, 2020**

*Reinsurance Co.*, 198 F.R.D. at *514; *City Consumer Services*, 100 F.R.D. at 747.  In fact, Defendants are not in possession, custody, or control of all the documents that may exist responsive to Request no. 20.

Moreover, there is no basis for Plaintiffs' boilerplate and meaningless objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the requests are unduly burdensome, vague, or overly broad.  *Id.*

Additionally, although the temporal scope of Request no. 20 is proper, for purposes of this request only, Defendants will revise the temporal scope of Request no. 20 for each Plaintiff and Opt-in Plaintiff to the years where each Plaintiff and Opt-in Plaintiff entered into an agent contract with any of the Defendants.

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 20 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce responsive documents to Request no. 20.

**REQUEST NO. 21:** "All documents relating to any continuing education courses, conferences, or training You took or participated in, which relate to the sale and servicing of insurance products, including (but not limited to) receipts or other documents reflecting payment for same."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information that is both irrelevant to the claims asserted in this Action and overbroad in temporal scope. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—e.g., "All documents *relating* to continuing education courses . . . which *relate* to the sale and servicing of insurance products." Furthermore, Plaintiff objects to this Request on the grounds that it is unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 21 IS DEFICIENT:**  The documents sought in Request no. 21 that concern Plaintiffs' training and educational courses concerning the sale and servicing of insurance products are relevant to the claims and defenses in this lawsuit, are calculated to lead to the discovery of admissible evidence and, thus, fall within the scope of permissible discovery.

Avi Moshenberg, Esq.
**January 10, 2020**

Further, there is no basis for Plaintiffs' boilerplate objections, and Plaintiffs failed to satisfy their burden to explain with specificity why the requests are unduly burdensome, vague, or overly broad. *Id. See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.

Additionally, although the temporal scope of Request no. 21 is proper, for purposes of this request only, Defendants will revise the temporal scope of Request no. 21 for each Plaintiff and Opt-in Plaintiff to the years where each Plaintiff and Opt-in Plaintiff entered into an agent contract with any of the Defendants.

Lastly, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 21 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce responsive documents to Request no. 21.

**REQUEST NO. 23:** "All documents showing the dates on which you were on vacation or traveling for personal or family reasons from in the three years preceding the termination of Your Agent contracts with any of the Defendants, including but not limited to any documents showing expenses for car, train, airline, other travel, hotel, or lodging."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it both (i) seeks information and documents that are irrelevant to the claims asserted in this Action, and (ii) is unduly burdensome and oppressive in that it seeks to invade Plaintiff's privacy by requesting the disclosure of irrelevant, personal, and private information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff further objects to this Request on the grounds that it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 23 IS DEFICIENT:**  This request seeks documents reflecting dates on which Plaintiffs were on vacation or traveling for personal or family reasons in the three years preceding Plaintiffs' termination. This information is relevant to Plaintiffs' claims that they were employed by Defendants and are owed unpaid overtime.

Avi Moshenberg, Esq.
**January 10, 2020**

Further, there is no basis for Plaintiffs' boilerplate and meaningless objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad. *Id*

Lastly, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 23 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC. As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 23.

**REQUEST NO. 24:** "Copies of all diaries, journals, notebooks, notes, calendars, or other documents, whether in physical or electronic format, reflecting all appointments (business or personal), conferences, telephone calls, meetings, vacations, or other "days off" You had in the three years preceding the termination of Your Agent contracts with any of the Defendants."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it seeks information that is available to all parties equally—if not available *only* to Defendants—seeing as many documents responsive to this Request would be on Plaintiff's Microsoft Outlook account which is in Defendants' possession and control. Furthermore, these are the types of records that *employers* are required by law to keep. *See* 29 C.F.R. § 516.2(a); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added). Plaintiff further objects to this Request to the extent it seeks information and documents irrelevant to the claims asserted in this Action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's employment at the Defendant entities is precisely at issue in this Action, and therefore any and all Requests concerning documents reflecting "vacations" or "other 'days off'" when Plaintiff *did not* work for Defendant entities must be irrelevant, both legally speaking and from the standpoint of basic common sense. This Request is therefore oppressive, irrelevant, and unduly burdensome.

Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Lastly, Plaintiff objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected.

Plaintiff will produce relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections."

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

**THIS RESPONSE TO REQUEST NO. 24 IS DEFICIENT:**  The documents sought in Request no. 24 are relevant to Plaintiffs' claims concerning their independent contractor classification and overtime pay allegations and claims, and Defendants' defenses in this lawsuit, and are calculated to lead to the discovery of admissible evidence and, therefore, fall within the scope of permissible discovery.

Further, Plaintiffs' objection that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n*, U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services*, 100 F.R.D. at 747.  In fact, Defendants are not in possession, custody, or control of all the documents that may exist responsive to Request no. 24.

Moreover, there is no basis for Plaintiffs' boilerplate and meaningless objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id*

Finally, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 24 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 24.

**REQUEST NO. 25:** "Your phone bills, phone logs, and any other records reflecting all calls and text messages during the period of time for which You are making a for overtime compensation in this Action."

**RESPONSE:** "To the extent this Request asks for records reflecting all calls and text messages during the period of time for which Plaintiff is making a *claim* for overtime compensation in this Action, Plaintiff objects to this Request on the grounds that it seeks information irrelevant to the claims asserted and therefore is overbroad, unduly burdensome, and oppressive in effectively requiring Plaintiff to amass all records related to any and all mobile communications over the span of three years. Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff is withholding responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 25 IS DEFICIENT:**  Plaintiffs have misstated the scope of Request no. 25.  Contrary to Plaintiffs' statements, Defendants do not request documents concerning every phone call and text message for a period of three years.  Instead, Defendants

www.fordharrison.com   |   www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

seek documents concerning phone calls and text messages Plaintiffs received or sent during the time Plaintiffs claim they were performing work for one of the Defendants.  In other words, Defendants seek documents concerning phone calls and text messages Plaintiffs sent or received in any hour upon which Plaintiffs claim they performed work for any Defendant.

Additionally, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 25 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 25.

**REQUEST NO. 26:** "All documents that support Your allegation that You worked in excess of 40 hours in any week for which You seek overtime compensation in this Action."

**RESPONSE:** To the extent that this request seeks documents reflecting the "[h]ours worked each workday and total hours worked each workweek" by Plaintiff outside of County Farm Bureau offices, 29 C.F.R. § 516.2(a)(7), Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a). "[A]n employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages." *Oliva v. Infinite Energy Inc.*, No. 1:11–cv–00232– MP–GRJ, 2012 WL 11868265, at *9 (N.D. Fla. 2012) (quoting another source); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the <u>employer</u> who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added). Many documents responsive to this Request would be on Plaintiff's Microsoft Outlook account which is in Defendants' possession and control. This Request is therefore oppressive, harassing, and unduly burdensome.

Plaintiff also objects to this Request on the ground it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be produced. Therefore, Plaintiff is not able to reasonably identify the relevant documents or category of documents sought through this request.

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections.

**THIS RESPONSE TO REQUEST NO. 26 IS DEFICIENT:**   Plaintiffs' objection that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.  Further, Defendants are not in possession, custody, or control of all the documents that may exist responsive to Request no. 26.

Moreover, there is no basis for Plaintiffs' boilerplate and meaningless objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs cannot explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Additionally, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 26 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 26.

**REQUEST NO. 27:** "All documents that support Your allegations that You were misclassified by Defendants as an independent contractor."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome. Under the Fair Labor Standard Act ("FLSA"), it is the employer's responsibility to maintain such records. 29 C.F.R. § 516.2(a); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("it is the employer who has the duty under [the FLSA] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves") (emphasis added).

Plaintiff further objects to this Request on the ground that it is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be produced. Therefore, Plaintiff is not able to reasonably identify the relevant documents or category of documents sought through this request. Plaintiff also objects to this Request on the ground it is overbroad and unduly burdensome, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

www.fordharrison.com   |   www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 27 IS DEFICIENT:**  As discussed above, Plaintiffs' objection that responsive information is within Defendants' possession is not a valid objection. *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.  Further, Defendants are not in possession, custody, or control of all the documents that may exist responsive to Request no. 26.

Moreover, there is no basis for Plaintiffs' boilerplate and meaningless objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs cannot explain with specificity why the request is unduly burdensome, vague, or overly broad.  *Id.*

Additionally, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 27 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 27.

**REQUEST NO. 28:** "Any e-mails (or copies of e-mails) sent to or received by any other account besides Your Florida Farm Bureau Insurance e-mail account that You utilized in connection with work done for any of the Defendants."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it both (i) seeks information and documents that are irrelevant to the claims asserted in this Action, and (ii) is unduly burdensome and oppressive in that it seeks to invade Plaintiff's privacy by requesting the disclosure of irrelevant, personal, and private information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff further objects to this Request on the grounds that it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 28 IS DEFICIENT:**  This request seeks emails used by Plaintiffs from accounts other than Florida Farm Bureau Insurance email account to perform work. This information is relevant to Plaintiffs' claims that they were employed by Defendants and are

Avi Moshenberg, Esq.
**January 10, 2020**

owed unpaid overtime. Further, it is unlikely that emails in connection with work performed include personal, private information. Defendants are willing to work with Plaintiffs to redact certain personal information depending on its nature.

Further, Plaintiffs' boilerplate and meaningless objections are baseless. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad. *Id.*

Lastly, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 28 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC. As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 28.

**REQUEST No. 29:** "Any audio or video recordings that relate in any way to the allegations or claims in this Action."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected—i.e., "that relate in any way" would technically include a wide variety of both relevant and irrelevant responsive information, making this Request impossible to answer with any specificity. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff is not able to reasonably identify the documents or category of documents sought through this request.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 29 IS DEFICIENT:** Plaintiffs' boilerplate and objections are baseless. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 29 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.  As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 29.

**REQUEST NO. 30:** "All documents, including any communications subsequent to termination of Your contract with any of the Defendants, between You and any prospective employers, employment agencies, potential business partners, or other companies, which describe Your prior position(s) or work experience with any of the Defendants."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it seeks the production of documents irrelevant to the claims or defenses asserted in this Action, and therefore it is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope in that it is not limited to communications prior to termination of Plaintiff's contract with SFB Life, and therefore is unduly burdensome and oppressive. Plaintiff also objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected. Lastly, Plaintiff objects to this Request on the grounds that it potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff is not able to reasonably identify the documents or category of documents sought through this request.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 30 IS DEFICIENT:**  This request seeks documents reflecting communications between Plaintiffs and any prospective employers or business partners that describe their work for Defendants. This information, which includes communications prior to and after Plaintiffs' contract with any Defendant ended, is relevant to Plaintiffs' claims as it reflects Plaintiffs' work and/or understanding of their relationship with Defendants.

Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Avi Moshenberg, Esq.
**January 10, 2020**

Moreover, Plaintiffs' boilerplate and objections are baseless. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, or overly broad. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.

Further, although Plaintiffs' objections to the definition of "You" and "Yours" have no merit, for Request no. 30 Defendants will narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC. As for responsive documents Plaintiffs contend are protected under the attorney client privilege or work product doctrine, Plaintiffs must, but have not, identified each such document on a privilege log and provide to Defendants.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 30.

**REQUEST NO. 31:** "All copies of Your resume, CV, bio, or any other document describing your professional experience and work history."

**RESPONSE: "**Plaintiff objects to this Request on the grounds that it seeks information irrelevant to the claims asserted in this Action, and is therefore unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 31 IS DEFICIENT:** This request seeks documents reflecting the Plaintiffs' description of their professional experience and work history. This information is relevant to Plaintiffs' claims as it reflects Plaintiff's work and/or understanding of their relationship with Defendant.

Moreover, there is no basis for Plaintiffs' boilerplate and meaningless objections. *See Siddiq*, 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome and oppressive. *Id.*

Additionally, Defendants agrees to narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 31.

**REQUEST NO. 32:**"All of Your social media posts or content, including (but not limited to) complete postings, photos, and "friends" lists on Facebook, Twitter, Tumblr, Instagram, LinkedIn, Google Plus, YouTube, Foursquare, Flickr, Pinterest, and any other social media site or network

www.fordharrison.com   |   www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

from April 16, 2016, to present concerning this Action or relating to the claims or allegations in this Action."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it seeks information irrelevant to the claims asserted in this Action, and is therefore unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control." Plaintiff is withholding non-privileged responsive documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 32 IS DEFICIENT:**  This request seeks posts and content that relates to Plaintiffs' allegations against Defendants.  Such information, therefore, is relevant.

Further, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq*, 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome and oppressive.  *Id.*

Additionally, Defendants agrees to narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff and/or their companies as a corporation or LLC.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 32.

**REQUEST NO. 33:** "All documents that You have consulted or relied upon in responding to Defendants' First Set of Interrogatories, and all documents identified in Your responses to Defendants' First Set of Interrogatories, including but not limited to all documents that support Your calculations of damages."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected, making this Request impossible to answer with any specificity. Plaintiff also objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

**THIS RESPONSE TO REQUEST NO. 33 IS DEFICIENT:**  This request seeking documents that Plaintiffs utilized in responding to Defendants' First Set of Interrogatories.  Such documents are relevant and falls within the scope of permissible discovery.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, vague, ambiguous, overly broad, and oppressive.  *Id.*

Additionally, Defendants agrees to narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 33.

**REQUEST NO. 35:** "All raw data and computation sheets upon which the amount of any alleged claim for damages in this case is or may be based, and the working papers from which any exhibit purporting to summarize, demonstrate, or otherwise reflect any alleged damages was prepared."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same)."

Plaintiff further objects that this Request is vague and ambiguous and does not describe with reasonable particularity each item or category of items to be inspected, making this Request impossible to answer with any specificity.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 35 IS DEFICIENT:**  The request seeks documents related to data and computation sheets for alleged damages sought by Plaintiffs', as well as information about how they calculated such damages.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs cannot explain with specificity why the request is unduly burdensome, vague, ambiguous, and overly broad.  *Id.*

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 35.

**REQUEST NO. 36:** "All calendars, diaries, or other documents (including cell phone records, Sun Pass or E-Pass receipts and logs of usage, GPS device logs and/or search records, credit card statements reflecting transactions, debit card statements reflecting transactions) in Your possession, custody, control, or otherwise available to You that contains any entries or notations pertaining to Your whereabouts, including any appointments and commitments you may have had, during the time period you seek overtime compensation in this Action."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it both (i) seeks information and documents that are irrelevant to the claims asserted in this Action, and (ii) is unduly burdensome and oppressive in that it seeks to invade Plaintiff's privacy by requesting the disclosure of irrelevant, personal, and private information. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery). Plaintiff also objects to this request on the grounds that it is overbroad, unduly burdensome, and clearly harassing in seeking "[a]ll calendars, diaries, or other documents (including cell phone records, Sun Pass or E-Pass receipts and logs of usage, GPS device logs and/or search records, credit card statements reflecting transactions, debit card statements reflecting transactions)." Furthermore, marshaling such records and documents would be unduly burdensome on its face simply due to the fact that the request is so broad it would require Plaintiff to comb through three or more years of personal "calendars, diaries, or other documents (including cell phone records, Sun Pass or E-Pass receipts and logs of usage, GPS device logs and/or search records, credit card statements reflecting transactions, debit card statements reflecting transactions)" which would potentially include going through every calendar, diary, or planner, in handwritten or electronic form, belonging to Plaintiff or potentially any of her family members, which contain "entries or notations pertaining to [Plaintiffs] whereabouts" during the three years preceding the filing of this Action. The scope of this request alone would require Plaintiff to set aside substantial time simply to attempt to comply.

Plaintiff further objects to this Request on the grounds that it is overbroad, potentially implicates privacy rights of third parties, and is harassing in defining "You" and "Your" to include not only [Plaintiff] but also [his/her] "dependents, attorneys, agents, and/or any other persons or entities acting, or purporting to act, on [his/her] behalf or pursuant to [his/her] direction or control."

Plaintiff is will produce relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of the objections asserted."

www.fordharrison.com   |   www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

**THIS RESPONSE TO REQUEST NO. 36 IS DEFICIENT:** The request seeks documents related to Plaintiffs' whereabouts during the time in which they are seeking compensation and, therefore, seeks relevant information that must be produced.

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, overbroad, harassing, or invades Plaintiffs' privacy. *Id.*

Finally, Defendants agrees to narrow the definition of "You" and "Yours" to any Plaintiff or Opt-in Plaintiff.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 36.

**REQUEST NO. 43:** "Any documents You have to support Your allegation in this Action that "[e]ach Employer engages in activities related to selling and servicing insurance policies under the Florida Farm Bureau or Southern Farm Bureau aegis.'"

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.,* 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same)."

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 43 IS DEFICIENT:** The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome and overbroad. *Id.*

www.fordharrison.com | www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Lastly, Plaintiffs agreed to produce documents responsive to Request no. 43 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 43.

**REQUEST NO. 44:** "All documents You have to support Your allegation in this Action that "[t]he Employers operate subject to common control and management.'"

**RESPONSE: "**Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 44 IS DEFICIENT:**   The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Additionally, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to explain with specificity why the request is unduly burdensome and overbroad.  *Id.*

Finally, Plaintiffs agreed to produce documents responsive to Request no. 44 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 44.

**REQUEST NO. 45:** "All documents You have to support Your allegation in this Action that "[t]he Employers have a unified operation, with each of the entities working together to offer different kinds of insurance in the Florida market under a single Florida Farm Bureau identity.'"

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly

Avi Moshenberg, Esq.
**January 10, 2020**

requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 45 IS DEFICIENT:**   The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome and overbroad.  *Id.*

Lastly, Plaintiffs agreed to produce documents responsive to Request no. 45 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 45.

**REQUEST NO. 46:** "All documents You have to support Your allegation in this Action that "[t]he Employers engaged in complementary businesses and were to a significant degree operationally interdependent.'"

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 46 IS DEFICIENT:**   The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Avi Moshenberg, Esq.
**January 10, 2020**

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Further, there is no basis for Plaintiffs' boilerplate objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome and overbroad. *Id.*

Finally, Plaintiffs agreed to produce documents responsive to Request no. 46 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 46.

**REQUEST NO. 47:** "All documents You have to support Your allegation in this Action that each Defendant in this action "are joint employers of Plaintiffs and other misclassified agents.'"

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not withholding documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 47 IS DEFICIENT:**   The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Moreover, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to specificity why the request is unduly burdensome and overbroad. *Id.*

Lastly, Plaintiffs agreed to produce documents responsive to Request no. 47 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 47.

www.fordharrison.com   |   www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

**REQUEST NO. 48:** "All documents reflecting any communication concerning any fact, matter, issue, or allegation relating to this Action or her lawsuit, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with Megan Britt on anyone on her behalf since April 16, 2016 to present.'"

**RESPONSE: "**Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Furthermore, Plaintiff objects to this Request on the grounds that it is irrelevant to the extent that it seeks the production of documents and communications unrelated to supporting the claims or defenses asserted in this Action, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing in requesting production of all "telephone records, online and/or social media messages, emails, and notes from oral conversations" that Plaintiff has had with someone who is not a party to this Action, and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 48 IS DEFICIENT:** Defendants will limit the scope of this request to communications with Megan Britt or anyone on her behalf since April 16, 2016 to present concerning Plaintiffs' allegations in this lawsuit, Plaintiffs' claims that agents were and are misclassified as independent contractors, and claims agents are owed overtime wages. These documents relate to Plaintiffs' allegation in this matter and are relevant.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Lastly, there is no basis for Plaintiffs' boilerplate objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to satisfy their burden to explain with specificity why the request is unduly burdensome, overly broad, and harassing. *Id.*

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 48.

**REQUEST NO. 50:** "All documents that reflect commissions, compensation, earnings, income, or benefits that You received for work performed for Southern Farm Bureau Casualty Insurance Company."

**RESPONSE:** "Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited by time. Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control for the time period in which she seeks overtime compensation. Plaintiff is not intentionally withholding documents on the basis of any other objections."

Avi Moshenberg, Esq.
**January 10, 2020**

**THIS RESPONSE TO REQUEST NO. 50 IS DEFICIENT:**   The request seeks documents related Plaintiffs' earnings from Southern Farm Bureau Casualty Insurance Company, a Defendant, and is, therefore, relevant.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to specificity why the request is unduly burdensome and overly broad.  *Id.*

Further, Defendants will limit the temporal scope of Request no. 50 in the three years preceding the termination of each Plaintiff and Opt-in Plaintiff's agent contracts with Defendants.

Lastly, Plaintiffs agreed to produce documents responsive to Request no. 50 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 50.

**REQUEST NO. 51:** "All documents that reflect an agreement between You and Southern Farm Bureau Casualty Insurance Company."

**RESPONSE:**  "Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 51 IS DEFICIENT:** Plaintiffs' objection that responsive information is within Defendants' possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.  In fact, Defendants are not in possession, custody, or control of any documents that may exist responsive to Request no. 51.

Further, Plaintiffs failed to specificity why the request is unduly burdensome and oppressive. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.

Accordingly, Plaintiffs must withdraw their objections and either produce responsive documents or state no responsive documents exist in response to Request no. 51.

**REQUEST NO. 54:** "All documents that support Your allegation in this Action that Defendants required You and other insurance agents "to use a signature that identified [You or any agent] as Employers' agents.'"

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control for the time period in which she seeks overtime compensation. Plaintiff is not withholding documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 54 IS DEFICIENT:**  The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to meet their burden explaining why the request is unduly burdensome and overbroad.  *Id.*

Lastly, Plaintiffs agreed to produce documents responsive to Request no. 54 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 54.

**REQUEST NO. 55:** "All documents that support Your allegation in this Action that Defendants "controlled the substantive content of all advertising done on behalf of Florida Farm Bureau" and all documents that supports Your allegation in this Action that Your and/or other agents' advertising had to approved by Defendants."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

www.fordharrison.com   |   www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 55 IS DEFICIENT:**  The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq*, 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to explain why the request is unduly burdensome and overbroad.  *Id*.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 55.

**REQUEST NO. 56:** "All documents that support Your allegation in this Action that Defendants "solely controlled the placement of policies."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff will produce all relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 56 IS DEFICIENT:**  The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Additionally, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq*, 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to explain why the request is unduly burdensome and overbroad.  *Id*.

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Lastly, Plaintiffs agreed to produce documents responsive to Request no. 56 but, to date, has failed to do so.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 56.

**REQUEST NO. 57:** "All documents that support Your allegation in this Action that Defendants required You and other agents to attend meetings and training sessions."

**RESPONSE:** "Plaintiff objects to this Request on the grounds that it seeks information, documents, or other evidence more easily available to—if not available only to—Defendants, and is therefore oppressive and unduly burdensome.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody, or control. Plaintiff is not intentionally withholding non-privileged responsive documents on the basis of these objections."

**THIS RESPONSE TO REQUEST NO. 57 IS DEFICIENT:**   The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Plaintiffs' assertion that responsive information is within Defendant's possession is not a valid objection.  *See Pepperwood of Naples Condo. Ass'n,* U.S. Dist. LEXIS 96501, *11; *St. Paul Reinsurance Co.,* 198 F.R.D. at *514; *City Consumer Services,* 100 F.R.D. at 747.

Additionally, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to explain why the request is unduly burdensome and oppressive.  *Id.*

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 57.

**REQUEST NO. 58:** "All documents that support Your allegation in this Action that Defendants, not You and other agents "owned [the] 'book of business' of policyholders."

**RESPONSE: "**Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

www.fordharrison.com   |   www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 58 IS DEFICIENT:**   The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Further, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Additionally, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to explain why the request is unduly burdensome and overbroad.  *Id.*

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 58.

**REQUEST NO. 59:** "All documents that support Your allegation in this Action that Defendants set Your and/or other agents "a specific schedule, requiring daily work within set hours at branch locations as well as additional work outside of the normal office hours."

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez,* 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 59 IS DEFICIENT:**   The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Further, as discussed repeatedly above, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to satisfy their burden to explain why the request is unduly burdensome and overbroad.  *Id.*

Avi Moshenberg, Esq.
**January 10, 2020**

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 59.

**REQUEST NO. 60:** "All documents that support Your allegation in this Action that Defendants expected You and other agents to stay on Defendants' "premises during the normal work day," that You and other agents "were so strongly discouraged from leaving that if [You and the other agents] did, [You and the other agents] received calls and e-mails not only questioning [You and the other agents] about where [You and the other agents] were and what [You and the other agents] were doing but also insisting that [You and the other agents] return to work.'"

**RESPONSE:** "Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 60 IS DEFICIENT:** The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Further, there is no basis for Plaintiffs' boilerplate objections. *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9. Plaintiffs failed to explain why the request is unduly burdensome and overbroad. *Id*.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 60.

**REQUEST NO. 61:** "All documents that you support Your allegation in this Action that Defendants "closely monitored, micromanaged, and effectively exercised control over the scheduling of [Your] and other agents, both in terms of hours worked, and in terms of vacation and other planned time off.'"

**RESPONSE: "**Plaintiff objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Plaintiff also objects to this Request on the grounds that it is overbroad and unduly burdensome in improperly

www.fordharrison.com | www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**

requesting Plaintiff to marshal all evidence of particular facts supporting Plaintiff's claim in this Action at the very outset of discovery. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (holding that "[c]ontention interrogatories that . . . ask for 'each and every fact' and application of law to fact that supports the party's allegations[ ] are an abuse of the discovery process because they are overly broad and unduly burdensome."); *see also Grynberg v. Total S.A.*, 2006 WL 1186836, at *6–7 (D. Colo. 2006) (holding the same).

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted."

**THIS RESPONSE TO REQUEST NO. 61 IS DEFICIENT:**  The request seeks documents related to Plaintiffs' specific allegation in this matter and is, therefore, relevant.

Additionally, Plaintiffs' objections on the basis of attorney client privilege and work product doctrine is waived because Plaintiffs failed to identify the documents in a privilege log.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to explain why the request is unduly burdensome and overbroad.  *Id.*

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 61
.
**REQUEST NO. 62:** "All documents reflecting any communication any fact, matter, issue, or allegation relating to this Action, including, but not limited to telephone records, online and/or social media messages, emails, and notes from oral conversations, that You have had with any named Plaintiff, Opt-in Plaintiff, and/or other agent who filed a consent to join this Action, who expressed an interest in joining this Action, or who expressed no interest in joining this Action, other than communications that include Your attorney."

**RESPONSE:** "Plaintiff objects to this request in that it is patently overbroad, unduly burdensome, and harassing in requesting "[a]ll documents reflecting any communication . . . relating to this Action" with any number of agents who might have expressed either an interest *or* no interest "in joining this Action," which would ostensibly include *any* agent with whom Plaintiff might have spoken within or even outside of the State of Florida, whether or not they were employees of Defendant entities. Plaintiffs' Constitutionally and Federally protected right to engage in open communications "with any named Plaintiff, Opt-in Plaintiff, and/or other agent who filed a consent to join this Action, who expressed an interest in joining this Action, *or who expressed no interest in joining this Action*" is not relevant or even at issue in this Action, and this Request is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has no relevant, responsive, non-privileged documents in [his/her] possession, custody or control. Plaintiff is not intentionally withholding non-privileged responsive documents, nor is Plaintiff withholding documents on the basis of the objections asserted."

Avi Moshenberg, Esq.
**January 10, 2020**


**THIS RESPONSE TO REQUEST NO. 62 IS DEFICIENT:**  The request seeks documents related to Plaintiffs' communications with others related to this action, which is relevant to Plaintiffs' allegations in this lawsuit concerning similarly situated agents who desire to join the lawsuit.

Plaintiffs' objection that the scope of the request is overbroad because it seeks communications with any agent who might be outside Florida or who were not agents associated with Defendants is baseless.  The request is limited to communications with agents who may or may not be interested in joining this lawsuit, which is limited to agents in Florida only with contracts with Defendants.

Moreover, there is no basis for Plaintiffs' boilerplate objections.  *See Siddiq,* 2011 U.S. Dist. LEXIS 151474, at *9.  Plaintiffs failed to explain why the request is unduly burdensome and overbroad.  *Id*.

Accordingly, Plaintiffs must withdraw their objections and produce all documents responsive to Request no. 62.

### III.   INSUFFICIENT DOCUMENT PRODUCTION

While Ms. Yoder and Ms. Williams produced some documents, they have done so in a manner inconsistent with the Federal Rules.  As you know, Federal Rule of Civil Procedure 34(b)(2)(E)(i) requires a party to produce documents "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Neither Ms. Yoder nor Ms. Williams produced these documents "in the usual course of business."  Accordingly, Ms. Yoder and Ms. Williams must organize and label their document production to correspond to the requests to which they are responsive.

Finally, Plaintiffs' have asserted numerous objections based on the attorney-client privilege and/or work product doctrine, and have stated they are withholdings responsive documents.  Plaintiffs, however, have not produced a privilege log.  Please produce a privilege log for each Plaintiff and Opt-in Plaintiff, along with documents Plaintiffs and Opt-in Plaintiffs agreed to produce no later than January 27, 2020.

### IV.   CONCLUSION

Please provide our office with sufficient responses by January 27, 2020.  Please also let us know when you are available to confer and discuss.  We hopeful we can resolve these discovery conflicts.  However, if we cannot and do not receive sufficient responses and documents, we will have no choice but to file a motion to compel seeking better responses and documents.

www.fordharrison.com  |  www.iuslaboris.com

Avi Moshenberg, Esq.
**January 10, 2020**


If you have any questions, please do not hesitate to contact me.  Thank you for your expected cooperation.

Sincerely,

Lori R. Benton

LRB/YAW/ar

WSACTIVELLP:11214194.1

www.fordharrison.com  |  www.iuslaboris.com