# Exhibit M

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FERGUSON, <br> Individually and on Behalf of All Others <br> Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS FARM BUREAU BUSINESS <br> CORPORATION, TEXAS FARM BUREAU <br> CASUALTY INSURANCE COMPANY, <br> TEXAS FARM BUREAU MUTUAL <br> INSURANCE COMPANY, TEXAS FARM <br> BUREAU UNDERWRITERS, FARM <br> BUREAU COUNTY MUTUAL <br> INSURANCE COMPANY OF TEXAS, <br> SOUTHERN FARM BUREAU LIFE, <br> INSURANCE COMPANY, and TEXAS <br> FARM BUREAU, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | CASE NO. 6:17-CV-00111-ADA-JCM |

**ORDER**

Came for consideration Southern Farm Bureau Life Insurance Company's Motion to Compel Production of Documents, Def.'s Mot. Compel, ECF No. 190, Plaintiff Christopher Ferguson's Response to the Motion, Pl.'s Compel Resp., ECF No. 191, Southern Farm Bureau's Reply in Support of its Motion, Def.'s Compel Reply, ECF No. 192, and Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, and Texas Farm Bureau's Adoption and Joinder of Defendant Southern Farm Bureau Life Insurance Company's Motion to Compel. Defs.' Joinder, ECF No. 193. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Compel.

Page 1 of 7

# I.
# INTRODUCTION

On January 11, 2018, Southern Farm Bureau served Plaintiff with a request for production of documents pursuant to Federal Rule of Civil Procedure 34. Def.'s Mot. Compel, Ex. A at 13 (Def.'s Req. for Produc.). Southern Farm Bureau sought, among other things, Plaintiff's tax, financial, business, and travel records. *Id.* Plaintiff responded on February 9, 2018 and produced some documents but objected to the production of the above-listed records. Def.'s Mot. Compel, Ex. B (Pl.'s Produc. Resp.). Plaintiff asserted the tax returns were privileged, all of the documents were irrelevant, and that disclosure of all of the documents would invade his privacy, among many other objections. *Id.* Defendant's counsel contacted Plaintiff's counsel by letter on April 10, 2018 to request Plaintiff amend his responses and produce the requested documents. Def.'s Mot. Compel, Ex. C at 1. After approximately a year of discussion, Plaintiff updated his discovery responses on February 1, 2019. Def.'s Mot. Compel, Ex. F at 1 (Pl.'s Supplemental Resp.). Still unsatisfied, Defendants filed their motions to compel a few days later. Def.'s Mot. Compel; Defs.' Joinder.

# II.
# RELEVANT LAW

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Discovery requests must be proportional to case needs, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." *Id.* The party seeking discovery bears the initial burden of showing the information sought is relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) (Counts, J.). Once the party seeking discovery establishes the requested materials are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *Id.*

### III.
### ANALYSIS

Defendants seek two main areas of compulsion. Def.'s Mot. Compel at 4-10. First, they ask the Court to compel production of Plaintiff's federal income tax returns and associated tax documents to learn Plaintiff's income. *Id.* at 4. Second, they ask the Court to compel production of Plaintiff's business and travel expenses incurred in his alleged employment with Defendants. *Id.* at 9-10. Plaintiff argues broadly the sought evidence is irrelevant, burdensome, and / or nonexistent. Pl.'s Compel Resp.

**A. Tax Returns and Financial Information: Request Nos. 7, 8, 9, and 23.**

In Request Nos. 7, 8, 9, and 23, Defendants seek the production of federal income tax returns, schedules, financial statements, and documentation concerning tax information for Plaintiff and a corporation run by Plaintiff. Def.'s Req. for Produc. at 4, 6. The initial burden is on Defendants to demonstrate the tax returns are relevant. *Rafeedle v. L.L.C., Inc.*, No. A-10-CA-743-LY, 2011 WL 5352826 at *2 (W.D. Tex. Nov. 7, 2011) (Austin, M.J.) (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)). "To determine employee status under the Fair Labor Standards Act, we focus on whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which he or she renders his or her services."

*Herman v. Express Sixty-Minutes Delivery Serv.*, 161 F.3d 299, 303 (5th Cir. 1998). The Fair Labor Standards Act analysis turns, in part, on whether Plaintiff earned income from outside sources. *Canada v. Hotel Dev.-Texas, Ltd.*, No. 3-07-CV-1443-D, 2008 WL 3171940, at *2 (N.D. Tex. July 30, 2008). "[T]ax returns and the supporting documents . . . are reasonably calculated to obtain such evidence." *Id.* Accordingly, Defendants met their initial burden.

Plaintiff claims the goalposts are much further, arguing Defendants must demonstrate "compelling need" for the returns. Pl.'s Compel Resp. at 3 (citing *Progressive N. Ins. Co. v. Sampson*, 10-CV-566-GKF-PJC, 2011 WL 2748678 at *3 (N.D. Okla. July 14, 2011)). However, the sole precedent he cites from this circuit to support the notion is *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc*., 2 F.3d 1397, 1411 (5th Cir. 1993). Pl.'s Compel Resp. at 2. *Natural Gas* was a unique situation: a district court *sua sponte* ordered an attorney to produce unrequested tax returns as a sanction for bad faith conduct based solely on its inherent powers. 2 F.3d at 1411. The Fifth Circuit, noting the "novelty" of that situation, concluded traditional sanctions "would have accomplished the court's purpose more properly" and therefore reversed an order compelling release of tax returns. *Id.* at 1412. In more analogous situations—where tax returns are sought as part of relevant discovery—courts in the Fifth Circuit consistently hold they are discoverable upon a relevance showing before the burden shifts to the party resisting discovery. *Rafeedie*, 2011 WL 5352826, at *2.

Thus, the burden shifts to Plaintiff to show the discovery requests would impose an undue burden or expense or are otherwise objectionable. *Rafeedie*, 2011 WL 5352826, at *2. Beginning with undue burden, an objection that an interrogatory is "overly broad, burdensome, oppressive and irrelevant" is "not adequate to voice a successful objection to an interrogatory." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Instead, Plaintiff was required to show how the requested discovery was overly broad, burdensome, or oppressive by "submitting affidavits or offering evidence revealing the nature of the burden." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). As Plaintiff here objected summarily and without support, he failed to articulate a cognizable objection. *See Brady*, 238 F.R.D. at 437 ("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request.").

As to harassment, the documents requested are relevant. *Beneplace, Inc. v. Pitney Bowes, Inc.*, No. A-15-CV-065-LY-ML, 2016 WL 880204, at *4 (W.D. Tex. Mar. 7, 2016) (Lane, M.J.). The Honorable Judge Lane of this District notes a request is not harassment if the requesting party articulates a legitimate purpose for the request. *Id*. A different court explains:

> [h]aving to allow inspection of their tax returns will require some effort and some opt-ins may then prefer to opt-out and spare themselves the trouble. But this is not harassment. This is a reasonable burden on prosecuting a claim for money— namely responding to reasonable discovery, discovery that plausibly will show some opt-ins want it both ways, that is, they want to cash in on any settlement herein as if they were "employees" while telling the IRS that they were themselves "employers" entitled to deductions. This will shed light on their status as independent contractors or not.

*Saravia v. Dynamex, Inc.*, No. C 14-05003 WHA, 2016 WL 4140509, at *4 (N.D. Cal. Aug. 4, 2016). Plaintiff did not show the request to produce the tax returns and financial information is harassment or unduly burdensome. Thus, as Plaintiff failed to raise any effective objection, he is directed to comply with requests 7, 8, 9, and 23 and produce the sought materials.

**B. Business and Travel Expenses: Requests Nos. 14, 15, 16, 17, 19, 20, 21, and 25.**

In Requests Nos. 14-17 and 19-21 Defendants seek information concerning business expenses incurred by Plaintiff in running his insurance agency. Def.'s Mot. Compel at 9. Plaintiff argues there is no evidence he incurred any business-related expenses, no evidence he worked for anyone besides Defendants, and no basis to justify intruding into sensitive, confidential financial documents. Pl.'s Resp. at 8-10. At the outset, Plaintiff's response that "no evidence exists [he] incurred any 'business related expenses[]'" is not well-taken. *Id.* at 8. Either Plaintiff incurred business expenses—in which case they are relevant and must be produced[1]—or he did not, in which case he need not object and instead may simply respond no such evidence exists. Arguing that Movant cannot provide evidence of business expenses is not a valid objection to Movant's efforts to obtain evidence of business expenses.

Similarly, in Request No. 25, Defendants seek evidence of Plaintiff's travel expenses. Def.'s Mot. Compel at 10. Plaintiff again objected the document production was not supported by the evidence and unnecessary. Pl.'s Supplemental Resp. at 12. The production of these documents, which show Plaintiff's travel time, would aid in determining if it was possible for Plaintiff to work the hours he alleges. *See Areizaga*, 314 F.R.D. at 438 (holding a defendant is entitled to discovery of information that "will indicate whether it was even possible that Plaintiff could work the amount of time he alleges"). The objections are without merit.

However, Plaintiff's reliance on *Rafeedie*, 2011 WL 5352826, at *2, is persuasive. As he correctly notes, and Defendants do not refute, Defendants are not entitled to production of documents redundant to tax returns without suggestion the tax returns do not provide the information to be gained from the business records. *Id.* Defendants never claim the information

---

[1] *See Mack v. Talasek*, No. V-09-53, 2012 WL 1067398, at *3 (S.D. Tex. Mar. 28, 2012) (holding a plaintiff's business deductions are relevant to independent contractor analysis).

Page 6 of 7

from the business records is in addition to the tax documents. To the contrary, they state: "[l]ike the tax returns discussed in Part A above, these requests relate to Ferguson's relative investment in his business, his opportunity for profit and loss[,] and whether he was in business for himself." Def.'s Mot. Compel at 9. Accordingly, given the business records appear to be a second means to discovering the tax return information, the request is duplicative and needlessly burdensome. *Rafeedie*, 2011 WL 5352826, at *2. Upon receipt of the tax returns, and a showing they do not provide the information sought in the business records, the Court will entertain a request from Defendants for production of the business records.[2]

## IV.
## CONCLUSION

Defendants carried their initial burden to show the requested information is relevant, shifting the burden to Plaintiff to show the requested documents are objectionable. As to the tax returns, Plaintiff failed to establish that the requests were irrelevant, protected, overly broad, or posed an undue burden. However, as to the general business and travel records, the requests appear redundant to other production and therefore needlessly burdensome. Therefore, the Court **GRANTS** Defendants' Motion to Compel as to Request Nos. 7, 8, 9, and 23 but **DENIES** Defendants' Motion to Compel as to Request Nos. 14-17, 19-21, and 25. Plaintiff has fourteen (14) days to produce the documents addressed by this Order.

SIGNED this 26th day of April, 2019.

_____
**THE HONORABLE JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**

---

[2] If this occurs, the Court encourages the parties to contact its deputy and set a telephonic hearing on this matter without filing any pleadings.