# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

### Case No. 1:19-CV-00070-AW-GRJ

DIANNA YODER, CLINT WALDING,
and KELLEY WILLIAMS, individually
and on behalf of others similarly situated,

    Plaintiff,

v.

FLORIDA FARM BUREAU, FLORIDA FARM
BUREAU GROUP, FLORIDA FARM BUREAU
FEDERATION, FLORIDA FARM BUREAU
CASUALTY INSURANCE COMPANY,
FLORIDA FARM BUREAU GENERAL
INSURANCE COMPANY, SOUTHERN FARM
BUREAU CASUALTY INSURANCE
COMPANY, and SOUTHERN FARM BUREAU
LIFE INSURANCE COMPANY,

    Defendants.
_____/
_____

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL TAX RETURNS AND RELATED DISCOVERY FROM PLAINTIFFS AND INCORPORATED MEMORANDUM OF LAW
_____

Defendants Florida Farm Bureau Casualty Insurance Company, Florida Farm Bureau General Insurance Company, Southern Farm Bureau Casualty Insurance Company, and Southern Farm Bureau Life Insurance Company (collectively "Defendants"), hereby file their reply memorandum in support of Defendants' Motion to Compel Tax Returns and Related Discovery from Plaintiffs and Incorporated Memorandum of Law (ECF No. 74) ("Motion to Compel"). The Motion to Compel was necessitated by Plaintiffs' refusal to produce tax return information despite a legion of cases holding tax returns are relevant in independent contractor misclassification cases brought under the FLSA. Plaintiffs' written responses to the tax return requests at issue confirm that "[they are] withholding production of requested document on the basis of the objections asserted." ECF Nos. 74-6 at 5, 7-8, 9-10; 74-8 at 6, 8-9, 10.

Plaintiffs' Response in Opposition to the Motion to Compel (ECF No. 78) ("Response") remarkably asserts that Plaintiffs are *not* refusing to produce tax returns and related financial documents or to disclose the identity of their tax preparers. Instead, Plaintiffs argue Defendants should first have to seek the requested discovery by other means, such as interrogatories and depositions. ECF No. 78 at 4-16. Yet this disguised "compromise" is still a refusal to produce the requested documents and information that are the subject of the Motion to Compel. For the reasons set forth below, Plaintiffs have not established why Defendants

should be denied the discovery requested. Therefore, Defendants' Motion to Compel should be granted.[1]

## I. THERE IS NO BASIS FOR LIMITING THE METHODS OF DISCOVERY AND DENYING DEFENDANTS ACCESS TO RELEVANT DOCUMENTS

There is no legal or factual basis for requiring Defendants to engage in depositions and other discovery before Plaintiffs produce their tax returns and related documents.

### A. Plaintiffs are not Entitled to Dictate Defendants' Discovery Methods

Plaintiffs' proposed "compromise" seeks to dictate to Defendants how and when they may seek relevant discovery in this action. Plaintiffs, however, provide no support for this extraordinary and improper request.[2] *See Bell v. Circle K Stores,*

---

[1] Without moving for a stay of discovery, Plaintiffs' Response also argued discovery was premature while their motion for conditional certification was pending. *See* ECF No. 50; ECF No.74-7; ECF No. 78 at 16-17. These arguments were rendered moot by the Court's denial of Plaintiffs' motion for conditional certification. ECF No. 79. Nonetheless, Defendants' entitlement to the documents and information addressed in their Motion to Compel would have been the same had the Court granted conditional certification.

[2] To limit the methods of discovery as Plaintiffs propose in their Response, Plaintiffs were required to move for a protective order. Fed. R. Civ. P. 26(c). Nonetheless, had they moved for protective order, they could not show the requisite "good cause" to support an order limiting discovery, which requires a specific demonstration of fact supported by evidence such as an affidavit or testimony of the harm that would result without the protective order; conclusory statements and unsupported contentions are insufficient. *See id.; Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981); *Rosen v. J.M. Auto, Inc.*, No. 07-61234-CIV-DIMITROULEAS/ROSENBAUM, 2008 U.S. Dist. LEXIS 130816, *9 (S.D. Fla.

*Inc.,* 2018 U.S. Dist. LEXIS 222934, at *2, *7 (M.D. Fla. Nov. 13, 2018) (denying a party's attempt to control the sequence of discovery because the party failed to present good cause for the court to alter the sequence); *Jones-Graham v. Adv. Stores Co., Inc.*, 2015 U.S. Dist. LEXIS 94080, at *2-*3, *6 (S.D. Fla. July 14, 2015) (refusing to alter the manner and sequence in which discovery was produced because defendant failed to provide enough evidence that would indicate good cause for court's interference in discovery); *U.S. v. Pine*, 2011 WL 13243755, at *2 (S.D. Fla. Aug. 29, 2011) (noting, "Defendant is generally entitled to conduct discovery in the manner she chooses.").

Indeed, Plaintiffs' compromise would inappropriately allow Plaintiffs to pick and choose what information they decide is relevant to the issues in this lawsuit, denying Defendants the opportunity to test the veracity and completeness of Plaintiffs' responses. This is not consistent with the Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter

---

Dec. 30, 2008); *see also Grams v Am. Med. Instruments Holdings Long Term Disability Plan*, No. 3:08-cv-1060-J-12MCR, 2009 U.S. Dist. LEXIS 89455, *16 (M.D. Fla. Sept. 14, 2009) (explaining the "good cause" "burden 'contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'") (*quoting U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "Good cause" has been defined as a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

that is relevant to any party's claim or defense …". For this reason, courts recognize that "tax returns are discoverable even when income information is available from other source documents." *Taylor v. Trapeze Mgmt., LLC*, No. 17-62262-CIV-MOORE/SNOW, 2018 U.S. Dist. LEXIS 228994, *15 (S.D. Fla. Sept. 11, 2018).

For example, in *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997), the court affirmed a trial court order compelling the production of plaintiff's tax returns even though the plaintiff already produced W-2 and 1099 forms because the complete tax records "would reveal income information not contained" in the produced forms. *See also MNC Stribbons, Inc. v. Peelle*, No. 1:11-CV-24442, 2012 WL 12867952, *5 (S.D. Fla. June 21, 2012) (finding that need to take discovery on damages outweighed objection to production of tax returns even though revenue information already provided"); *Bjerke v. Nash Finch Co.*, No. A3-98-134, 2000 U.S. Dist. LEXIS 22502, *4 (D. N.D. Feb. 1, 2000) (ruling defendant entitled to complete copies of employment discrimination plaintiff's tax returns as defendant is entitled to verify that schedules received contain complete information about plaintiff's earnings).

Plaintiffs stake their entire position on one non-binding district court opinion in the Southern District of Florida, *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV-MARRA/SELTZER, 2005 U.S. Dist. LEXIS 36748, *2, *5, *6 (S.D. Fla. Aug. 29, 2005). *Pendlebury* involved claims by managers alleging they were

misclassified as exempt employees.  The case did not involve independent contractor misclassification claims, as here, where tax returns are directly relevant to the "economic reality" factors used to determine independent contractor status and related defenses.  *Id*. at \*2, \*6; *see* ECF No. 74 at 9-11.

Moreover, as Defendants' Motion to Compel establishes, the Eleventh Circuit has never adopted *Pendlebury's* "compelling need" requirement for production of tax returns.  ECF No. 74 at 8, 8 -9 n. 3.  In addition to the cases cited in Defendants' Motion to Compel, other court have rejected the "compelling need" heightened standard to produce tax records and required only a showing of ordinary relevance.  *See Erenstein v. S.E.C.,* 316 F. A'ppx 865, 869-70 (11th Cir. 2008) (recognizing, "in civil cases, [the Eleventh Circuit has] not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant.") (*citing Maddow v. Procter & Gamble Co., Inc*., 107 F.3d 846, 853 (11th Cir. 1997)); *see, e.g., Kelly v. Davis*, No. 3:10CV392/MCR/EMT, 2012 U.S. Dist. LEXIS 192519, \*13-14 (N.D. Fla. Sept. 19, 2012); *SEC v. Nodurft*, No. 8:09-CV-866-T-26AEP, 2010 U.S. Dist. LEXIS 150176, \*4-6 (M.D. Fla. Apr. 28, 2010); *Preferred Care Partners Holding Corp. v. Humana, Inc.,* No. 08-20424-CIV-UNGARO, 2008 U.S. Dist. LEXIS 85483, \*11-13 (S.D. Fla. Oct. 3, 2008); *Weber v. Finker,* No. 3:07-MC-27, 2008 U.S. Dist. LEXIS 31067, \*23-25 (M.D. Fla. Apr. 15, 2008); *New Hampshire Indem.*

*Co. v. Reid,* No. 3:05-cv-1280-J-12MCR, 2006 U.S. Dist. LEXIS 51495, *21 (M.D. Fla. July 27, 2006); *United States v. Certain Real Prop.*, 444 F. Supp. 2d 1258, 1264-65 (S.D. Fla. 2006).

Lastly, Plaintiffs' reliance on *Kelly* to support their proposal to limit discovery is misplaced. ECF No. 78 at 6-8. In *Kelly*, the court granted defendant's motion to compel plaintiff to produce tax returns because the court concluded they were relevant, rejecting the "compelling need" standard. *Kelly,* 2012 U.S. Dist. LEXIS 192519 at *13-*14. Although the plaintiff in *Kelly* was deposed before the filing of the motion to compel, the court did not hold that depositions must precede the production of tax returns as indicated by Plaintiffs. *Id.* at *11-*14.

### B. "Proportionality" Does Not Support Limiting Discovery Methods to Deny Defendants Relevant Probative Evidence

Plaintiffs' reliance on "proportionality" also does not support Plaintiffs' "compromise," which denies Defendants access to relevant and highly probative evidence. ECF No. 78 at 6, n.5. Fed. R. Civ. P. Rule 26 (b)(1) defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in **controversy,** the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(emphasis added).  Here, Rule 26(b)(1) supports the production of Plaintiffs' tax returns and related documents, which are highly relevant to Defendants' defense and proportional to the needs of the case.

Plaintiffs have not come forward with any evidence that the production of the tax returns and related documents would impose an undue burden.  *See Zurich Am. Ins. Co. v. Hardin*, No.: 8:14-cv-775-T-23AAS, 2019 U.S. Dist. LEXIS 117097, *8-*10, *11-*13 (M.D. Fla. July 15, 2019) (overruling defendants' discovery objections because they failed to demonstrate how production of tax returns, financial statements, and other records is unduly burdensome and overbroad); *see also* ECF No. 74 at 12-14.

Plaintiffs' objection on undue-burden is likewise unsupportable.  Plaintiffs are asserting serious claims for damages against Defendants.  Having brought a lawsuit, Plaintiffs bear a responsibility to fully engage in the discovery process.  It is disingenuous to suggest, based on nothing more than conclusory assertions, that it would be a burden for Plaintiffs to locate and produce their tax returns and related documents.  Further, if Defendants were to follow Plaintiffs' proposed "compromise" plan and serve written interrogatories seeking specific information contained in the tax returns and related documents, Plaintiffs would still have to retrieve and review the documents to answer the interrogatories.  Likewise, Plaintiffs would have to review their tax returns and related documents to prepare for their depositions.  In

other words, if Plaintiffs must locate and review their tax returns and related documents to prepare the written discovery responses and depositions, then there is little burden to produce those documents.  Given the significant amount in controversy raised by Plaintiffs' claims, there is certainly an expectation that they must bear *some* burden in prosecuting their claims.  ECF No. 74 at 2-3.

Any alleged burden and expense is undoubtedly outweighed by the benefit of the tax records to Defendants and the importance of the documents in resolving the relevant issues in this case.  As Defendants demonstrated in their Motion to Compel, courts in this Circuit have found tax returns to be discoverable and highly probative of material issues in FLSA misclassification cases including the economic realities test and damages, in addition to Defendants' outside sales exemption affirmative defenses.  ECF No. 74 at 9-11.  Plaintiffs have not cited to any authority to support the position that tax returns and related documents are not relevant to these key issues.

Indeed, there is a legion of cases to the contrary.  In addition to the cases cited in the Motion to Compel, many other courts in this Circuit have found tax returns to be both relevant to the material issues in FLSA misclassification cases and admissible. *See, e.g., Espinoza v. Fly Low, Inc.,* NO. 14-21244-CIV-GOODMAN, 2018 U.S. Dist. LEXIS 229433, *6-7 (S.D. Fla. June 8, 2018) (recognizing, "[n]ormally, in FLSA cases, tax returns are admissible and relevant to whether a

plaintiff qualifies as an independent contractor or an employee."); *Rosario v. 12425, Inc.,* Case No. 1:13-cv-23429-UU, 2014 U.S. Dist. LEXIS 193065, *8-*10 (S.D. Fla. July 22, 2014) (denying plaintiff's motion in limine to exclude tax returns that characterized plaintiff as independent contractor because "tax returns are relevant as to his economic dependency on Defendants and other factors related to whether or not he is an employee under the FLSA."); *Ramos v. S. Fla. Express Bankserv, Inc.*, No. 08-23382-CIV, 2010 U.S. Dist. LEXIS 151662, at *10-*11 (S.D. Fla. Nov. 29, 2010) (denying motion in limine to exclude Plaintiffs' tax filings status because the evidence may be considered in determining whether plaintiffs are independent contractors or employees, and "is applicable to the economic realities factors, including the matter of an employee's investment in equipment or materials required for task, or employment of helpers."); *Vergara v. Davis Bancorp, Inc.,* No. 10-21746-CIV, 2010 U.S. Dist. LEXIS 151929,*3 (S.D. Fla. Nov. 19, 2010) (denying motion in limine to exclude plaintiffs' tax records, finding tax records relevant in evaluating the economic reality test's opportunity for profit and loss factor in determining whether plaintiffs are employees or independent contractors.)

Other courts in this Circuit have also considered tax returns relevant when ruling on summary judgment motions involving FLSA independent contractor misclassification claims. *See, e.g., Stubbia v. Nopi Enters*., No. 12-22089-CIV-ALTONAGA/Simonton, 2013 U.S. Dist. LEXIS 193741, *8 (S.D. Fla. April 5,

2013) (considering plaintiff's tax returns with expenses deducted for her business as "relevant to independent contractor economic reality inquiry" when ruling on defendant's summary judgment motion); *Martin v. NITV, LLC*, No. 06-80667-CIV-RYSKAMP/VITUNAC, 2007 U.S. Dist. LEXIS 38621, *5-*6 (S.D. Fla. May 29, 2007) (granting summary judgment, finding plaintiff was an independent contractor based, among other evidence, that plaintiff "classified himself as an independent contractor on his taxes and deducted substantial business expenses each year."). Accordingly, there is no reason to deny Defendants' access to the documents and information requested in the Motion to Compel.[3]

## II. LIMITING THE METHODS OF DISCOVERY IS INEFFICIENT AND WOULD PREJUDICE DEFENDANTS BY BEING DENIED PROBATIVE EVIDENCE

Plaintiffs' proposal to limit discovery of tax-related information to written discovery and depositions is inefficient, will cause unnecessary delays, and prejudice Defendants. Plaintiffs' proposal requires Defendants to accept Plaintiffs' view of what information in their tax returns is relevant and that they will provide complete

---

[3] As explained in Defendants' Motion to Compel, Plaintiffs' objections based on harassment are without merit. ECN No. 74 at 14-15. Lastly, Plaintiffs' objections as to the sensitive nature of the tax returns is not a valid reason to limit discovery because Defendants offered to enter into a confidentiality and protective order. *Id*. at 9. In fact, the Report of the Parties' Planning Meeting provides, "The parties intend to submit an agreed confidentiality and protective order governing the production and use of confidential information." ECN No. 35, ¶ 3(i).

and accurate answers to written interrogatories. After Defendants' receipt of Plaintiffs' self-selected written discovery information, Defendants are then supposed to depose Plaintiffs, asking tax-related questions concerning information disclosed in Plaintiffs' interrogatory answers without access to the actual tax returns. Only after the depositions do Plaintiffs offer to address Defendants' need for the tax records. There is certainly no guarantee that further Court intervention will not be needed or that Defendants will not then need to re-depose Plaintiffs based on documents that will only be produced to Defendants later in the litigation process. This inefficient process will simply delay discovery, not simplify the process, and prejudice Defendants.

Further, as an alternative, Plaintiffs ask the Court to allow them to sign IRS Form 4506-T, which would authorize release of tax transcripts to Defendants. ECF No. 78 at 18. Tax transcripts are insufficient because they are not complete copies of tax returns and submitting these requests to the IRS would cause additional delay in deposing Plaintiffs.

### III. PLAINTIFFS OBJECTIONS TO IDENTIFYING THEIR TAX ACCOUNTANTS AND PREPARERS ARE PREMATURE

Plaintiffs' objections to identifying their tax accountants and preparers are premature because their objections are based solely on anticipated subpoenas that have not yet been served. Further, Plaintiffs' position is inconsistent with their proposed "compromise." On one hand Plaintiffs want Defendants to take

depositions in lieu of producing the tax records. On the other hand, Plaintiffs refuse to provide the identity of their tax accountants and preparers, which Defendants need to depose them, which they are entitled to do. Tax returns do not constitute a "confidential communication" implicating the [accountant-client] privilege. *Zurich Am. Ins. Co.,* 2019 U.S. Dist. LEXIS 117097, at *14.

## IV. CONCLUSION

For all the reasons set forth in Defendants' Motion to Compel and above, Defendants respectfully request this Court to grant Defendants' Motion to Compel and order Plaintiffs to produce all documents responsive to Request Nos. 11 and, where applicable, Request No. 12 and properly respond to Interrogatory No. 14.

Dated: April 6, 2020.

/s/  Lori R. Benton
Aaron L. Zandy
(FL Bar No. 125271)
azandy@fordharrison.com
Lori R. Benton
(FL Bar No. 708429)
lbenton@fordharrison.com
Bret C. Yaw
(FL Bar No. 100445)
byaw@fordharrison.com
**FORD & HARRISON LLP**
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801
Tel: 407-418-2300/ Fax: 407-418-2327

Attorneys for Defendants Florida Farm Bureau Casualty Insurance Company, Florida Farm Bureau General Insurance Company and Southern Farm Bureau Casualty Insurance Company

Respectfully submitted,

/s/  Cathleen Bell Bremmer
MARKHAM R. LEVENTHAL
(FL Bar No. 616140)
mleventhal@carltonfields.com
Scott Abeles (admitted *pro have vice*)
sabeles@carltonfields.com
CARLTON FIELDS, P.A.
1025 Thomas Jefferson St., NW
Suite 400 West
Washington, D.C.  20007
Tel: 202-965-8189 / Fax: 202-965-8104

CATHLEEN BELL BREMMER
(FL Bar No. 813028)
cbell@carltonfields.com
CARLTON FIELDS, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607-5780
Tel: 813- 223-7000 / Fax: 813-229-4133

AARON S. WEISS
(FL Bar No. 048813)
aweiss@carltonfields.com
IRMA REBOSO SOLARES
(FL Bar No. 797073)
isolares@carltonfields.com
STEPHANIE A. FICHERA
(FL Bar No. 055813)
sfichera@carltonfields.com
CARLTON FIELDS, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131-2113
Tel: 305-530-0050 / Fax: 305-530-0055
Attorneys for Southern Farm Bureau Life Insurance Company

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(F), the undersigned counsel hereby certifies that the forgoing motion for leave to file a reply contains 2793 words, as calculated by the electronic system on which this document was created, exclusive of case style, tables, signature block and certificates of compliance and service.

/s/ Lori R. Benton
Lori R. Benton

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide service on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

> Jason A. Richardson
> jason.richardson@mhllp.com
> Avi Moshenberg
> avi.moshenberg@mhllp.com
> Nick Lawson
> nick.lawson@mhllp.com
> Emil Sadykhov
> emil.sadykhov@mhllp.com
> **McDowell Hetherington LLP**
> 1001 Fannin Street, Suite 2700
> Houston, Texas 77002
> Tel: (713) 337-5580 / Fax: (713) 337-8850
> Counsel for Plaintiffs

/s/ Lori R. Benton
Lori R. Benton

WSACTIVELLP:11389846.3

-15-